519 So.2d 748 (1988)
Michael James WEBB, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1499.
District Court of Appeal of Florida, Fourth District.
February 10, 1988.
*749 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
This case involves a modified Allen charge (Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)), given to the jury after five hours of deliberation. Within minutes of receiving the charge the jury found appellant guilty of attempted murder in the second degree. This appeal followed. We reject the other grounds for reversal urged by appellant and comment only on the following colloquy between the trial court and juror Weinberg:
MR. WEINBERG: May I ask a question, Your Honor?
THE COURT: Sure.
MR. WEINBERG: If one juror is not able to render a decision at all, whether it be whatever it is, and the other jurors can, does that mean we cannot make a unanimous decision?
THE COURT: It must be unanimous.
MR. WEINBERG: It does not involve an alternate?
THE COURT: The alternate is not for this purpose.
MR. WEINBERG: We've gone through each one's testimony and it seems that one juror cannot make a decision. I think it's too much of an emotional and heavy burden to make a decision of this degree. It's possible, after some food and rest, it could be different. This is a very serious case and we want to give it the most attention it can get.
THE COURT: All I can tell you is that the verdict must be unanimous. It must be six votes and it has to be rendered tonight.
An Allen charge is permissible, but the general rule is subject to the caveat that an instruction may not be couched in terms which may tend to coerce the jury into reaching a verdict or to coerce a member of the jury to change positions in order to achieve a unanimous decision. Jones v. State, 92 So.2d 261 (Fla. 1956); Nelson v. State, 438 So.2d 1060 (Fla. 4th DCA 1983); Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1184 (Fla. 1976); Bell v. State, 311 So.2d 179 (Fla. 1st DCA 1975).
A coerced verdict in a criminal case deprives the accused of a fair trial and is contrary to the mandate of the Declaration of Rights of the Constitution of the State of Florida. Whether the coercive instruction constitutes fundamental error depends upon its egregiousness and whether a corrective instruction would have obliterated the taint. Under the circumstances of this case, we hold the error to have been fundamental. See Rodriguez v. State, 462 So.2d 1175 (Fla. 3d DCA), rev. denied, 471 So.2d 44 (Fla. 1985). A new trial is required.
REVERSED AND REMANDED FOR NEW TRIAL.
LETTS and STONE, JJ., concur.