PER CURIAM.
We reverse and remand with directions for a new trial and for reassignment to a different judge. We agree -with appellant that the trial court erred in giving a deadlock charge to the jury, over appellant’s objection, on the same Friday afternoon that the jury began deliberations, and at a time when there was no indication that the jury was deadlocked. See Armstrong v. State, 364 So.2d 1238 (Fla. 1st DCA 1977), cert, denied, 373 So.2d 456 (Fla.1979).
Ordinarily, a court should not instruct a jury as to the specific manner in which deliberations are to be conducted, and the jury is free to determine its own way of resolving the case. A “deadlock” charge or “dynamite” charge is a narrow exception to this rule, intended for use just as the appellations indicate, when there is reason to conclude that a jury is deadlocked, but while there is still hope that a verdict can be reached. The parties are entitled to a reasonable opportunity for the deliberative process to work before the court places any-added pressure on the jury to decide the case. In Webb v. State, 519 So.2d 748, 749 (Fla. 4th DCA 1988), we noted the danger of suggesting to the jury that it must decide the case within a limited time frame: “A coerced verdict in a criminal case deprives the accused of a fair trial and is contrary to the mandate of the Declaration of Rights of the Constitution of the State of Florida.”
Here, a jury that was in the routine course of deliberating was called into the courtroom and treated as if it had found it “impossible” to decide the case. The jury was also told that it should attempt to resolve its differences by a certain procedure, and if that procedure failed a mistrial would be declared. As in Webb, the jury returned a guilty verdict within a few minutes of receiving the deadlock charge from the judge.
We also find error in the trial judge’s use of improper reasons in sentencing the appellant. Consequently, although the sentencing issue is moot, we remand for further proceedings before a different judge.
ANSTEAD, HERSEY and FARMER, JJ., concur.