813 So.2d 985 (2002)
Normil NORMIUS, Appellant/Cross-Appellee,
v.
ECKERD CORPORATION, Appellee/Cross-Appellant.
No. 2D00-4638.
District Court of Appeal of Florida, Second District.
March 15, 2002.
Rehearing Denied April 23, 2002.
*986 James R. Cooney, Sarasota, for Appellant/Cross-Appellee.
Samuel J. Henderson and Alicia M. Lopez, Tampa, for Appellee/Cross-Appellant.
SILBERMAN, Judge.
Normil Normius appeals from a final judgment that granted a directed verdict as to his claim for intentional infliction of emotional distress and a directed verdict and remittitur for damages of one hundred dollars as to his claim for false imprisonment. He raises several issues in this appeal, and Eckerd raises one issue in its cross-appeal. We affirm the directed verdict on the claim for intentional infliction of emotional distress and the trial court's finding that the jury's award of damages for false imprisonment was excessive. We reverse the remittitur and the directed verdict limiting Normius's damages to one hundred dollars and remand for a new trial on damages.
This dispute arose from an incident that occurred in August 1994. Normius had purchased several items at an Eckerd Drug Store. As he was leaving the store, Eckerd's electronic antishoplifting system sounded an alarm. The record contains conflicting evidence describing what occurred after store personnel stopped Normius outside of the store.
At the time of the incident, Normius had been in the United States for approximately three months. It is evident that there was a language barrier between Normius and the store's manager due to Normius's lack of fluency with the English language. After he was stopped, Normius was taken to the store office. In response to the manager's verbal directions, gestures, and finger-pointing, Normius emptied his pockets and partially disrobed. The store manager ascertained that Normius did not have anything in his bag or on his person that would have triggered the alarm. Normius was allowed to leave the store after being detained for ten to fifteen minutes.
As a result of the incident, Normius filed suit for false imprisonment and intentional infliction of emotional distress. At trial, he claimed various injuries including physical and emotional problems, but he did not present evidence of medical expenses or any specific dollar amount for the damages that he claimed. In closing argument, Normius's attorney did not suggest a value for the damages but stated that he would leave it to the jury to determine a fair amount of compensation.
After the parties completed presenting evidence, the trial court granted a directed verdict on the claim for intentional infliction of emotional distress. The jury was allowed to decide the claim of false imprisonment, and it returned a verdict in favor of Normius in the amount of $110,000.
*987 Eckerd orally moved for a judgment notwithstanding the verdict, renewed its motion for a directed verdict, and requested that the trial court reduce the amount of damages awarded by the jury. The trial court stated that it was amending the verdict and awarding to Normius one hundred dollars in damages.
After both parties filed posttrial motions, the trial court entered a final judgment that reflected the directed verdict against Normius on the claim of intentional infliction of emotional distress. The final judgment also granted Eckerd's motion for judgment in accordance with the motion for directed verdict on the false imprisonment claim and reduced the jury's award of damages to one hundred dollars. The trial court made a written finding that the jury award was not supported by the evidence and did not bear a reasonable relation to the injury suffered and the amount of damages proved. The trial court concluded that the jury award was grossly excessive and shocked the conscience of the court. The trial court also ordered that in the event of appellate reversal of the final judgment, Eckerd's motion for remittitur was granted and damages were reduced to one hundred dollars; if Normius failed to accept the remittitur, then a new trial would be conducted as to damages.
Normius raises several issues in this appeal relating to the directed verdicts, the remittitur, and the final judgment. While we agree with the trial court that the jury award was excessive, the trial court erred in reducing the award to nominal damages.
We first note that damages recoverable in an action for false imprisonment include bodily injury, physical suffering, physical inconvenience and discomfort, loss of time, losses in the plaintiff's business or employment, and expenses incurred due to the imprisonment. S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757, 763 (1938). Damages are also recoverable for mental suffering such as embarrassment, humiliation, deprivation of liberty, and disgrace and injury to the person's feelings and reputation. Id.
Normius presented evidence that he suffered damages as a result of Eckerd's conduct, although he did not establish or ask the jury for a specific dollar amount. The jury was instructed regarding compensatory and nominal damages, and its verdict was for compensatory damages.
The trial court's ruling that Normius did not prove damages and its decision to enter a directed verdict of nominal damages of one hundred dollars are not supported by the record. Normius presented evidence that he was injured by Eckerd's conduct, and the jury found that he suffered damages. As this court noted in Hawk v. Seaboard System Railroad, Inc., 547 So.2d 669, 671 (Fla. 2d DCA 1989), a jury is given wide latitude in determining the amount of noneconomic damages. It is not for the trial court to sit as a seventh juror with veto power, and the trial court may not substitute its judgment on damages for the judgment of the jury. Id. Because the evidence produced at trial supports an award of compensatory damages, the trial court erred by directing a verdict for nominal damages.
We next turn to the alternative ruling by the trial court granting Eckerd's motion for remittitur and reducing the award of damages to one hundred dollars. Section 768.74(1), Florida Statutes (1993), states that upon proper motion a court has the responsibility to review an award of money damages to determine whether the award is excessive or inadequate in light of the facts and circumstances that were presented to the trier of fact. Section *988 768.74(2), Florida Statutes (1993), provides that if a court finds the amount awarded is excessive or inadequate, the court shall order a remittitur or additur. If the party adversely affected by the remittitur or additur does not agree, the court shall order a new trial on the issue of damages only. § 768.74(4), Fla. Stat. (1993).
A court may consider various criteria to determine whether an award is excessive, as follows:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
§ 768.74(5), Fla. Stat. (1993).
The appropriate standard of review is whether there has been a clear showing that the trial court abused its discretion in ordering a remittitur or, in the alternative, a new trial. Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 725 (Fla.1985). For a verdict to be found to be against the manifest weight of the evidence, the evidence must be clear, obvious, and indisputable. Hawk, 547 So.2d at 671. If that standard is met, then the trial court has an affirmative duty to order a remittitur or to grant a new trial. Id.
As noted in Bould v. Touchette, 349 So.2d 1181, 1184 (Fla.1977), a court should not declare a verdict excessive merely because it is higher than the amount that the court itself considers the jury should have awarded. "The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." Id. at 1184-85.
Our review of the record reveals that the trial court did not err in concluding that the verdict was excessive; however, the award of nominal damages of one hundred dollars was an abuse of discretion. Even though the amount of excess is not always capable of being worked out with mathematical precision, the remittitur amount should be arrived at by "reasoning actuated and controlled by the facts in the record and guided by an honest, sincere purpose to do justice to both parties" in light of those facts. De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339, 339 (1926). When the trial court grants a remittitur, the order should not be disturbed unless the trial court abused its authority or violated a controlling provision or principle of law. Id. at 339-40. Because the record does not support the trial court's granting a remittitur of one hundred dollars, the final judgment must be reversed. See Rety v. Green, 546 So.2d 410, 418-19 (Fla. 3d DCA 1989). A new trial on the issue of damages is appropriate since Normius has not agreed to accept the reduced amount awarded by the trial court. See § 768.74(4).
Normius also argues that the trial court erred by granting a directed verdict on the claim of intentional infliction of emotional distress. We disagree because the evidence, viewed in the light most favorable to Normius, supports the conclusion that Eckerd's conduct was not "so *989 outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." See Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 278-79 (Fla. 1985); Kent v. Harrison, 467 So.2d 1114, 1115 (Fla. 2d DCA 1985).
Concerning the other issues raised by Normius and the issue raised by Eckerd in its cross-appeal, we affirm without further comment. Therefore, the final judgment is affirmed in part and reversed in part, and this matter is remanded for a new trial as to damages.
FULMER and GREEN, JJ., concur.