954 So.2d 60 (2007)
David GLABMAN, M.D., David Glabman, M.D., P.A. and Pronational Insurance Company, Appellants,
v.
Jose DE LA CRUZ and Esther De La Cruz, as Personal Representatives of the Estate of Nancy De La Cruz, deceased minor, Appellees.
No. 3D05-911.
District Court of Appeal of Florida, Third District.
March 28, 2007.
Stephens, Lynn, Klein, Lacava, Hoffman & Puya, Fort Lauderdale; Hicks & Kneale and Dinah S. Stein and Gary Magnarini, Miami, for appellants.
Grossman Roth Olin Meadow Cohen Yaffa Pennekamp & Cohen and Jay Cohen, Coconut Grove; Podhurst Orseck and Joel D. Eaton, Miami, for appellees.
Before GERSTEN, GREEN, and SUAREZ, JJ.
PER CURIAM.
This appeal arises out of a medical malpractice case brought by Jose De La Cruz ("Jose") and Esther De La Cruz ("Esther"), as personal representatives of the Estate of Nancy De La Cruz ("Nancy"), deceased minor, against David Glabman, M.D., David Glabman, M.D., P.A., and Pronational Insurance Company (collectively "Glabman"). The jury returned a verdict in the amount of $8,000,000 on behalf of the De La Cruz family. All post-trial motions, including a post-trial motion for remittitur, were denied. This timely appeal follows. We reverse as to damages only and remand with instructions.
On August 26, 1999, Esther took her teenaged daughter Nancy to see their family physician, Dr. Galinsky. Dr. Galinsky was on vacation and Dr. Glabman, who shared office space with Dr. Galinsky, agreed to see Nancy. Aside from emotional and mental health issues, Dr. Glabman diagnosed Nancy with rheumatoid arthritis. On or about September 2, 1999, Dr. Glabman performed follow-up lab work which yielded abnormal lab results. He testified at trial that he recommended to Esther that Nancy be taken to a rheumatologist. Esther denied she was told to take her daughter to a rheumatologist or that she was informed of the abnormal lab results.
*62 On October 13, 1999, Esther took Nancy to see Dr. Glabman without an appointment because Nancy was extremely ill. Dr. Glabman recommended that Esther take Nancy along with portions of her medical records for emergency care. She was admitted to Jackson Memorial Hospital on the same day and placed in an intensive care unit. Her admitting diagnosis was depression and anorexia and she was subsequently diagnosed with pneumonia. On October 18, 1999, she was evaluated by a rheumatologist who immediately diagnosed her with systemic lupus erythematosus, commonly known as lupus. Nancy died on October 21, 1999, from complications from her lupus.
Jose and Esther filed a wrongful death action for medical malpractice against the doctors and hospital, including Jackson Memorial Hospital and Dr. Glabman.[1] At trial, counsel for the De La Cruz family put Jose on the stand and elicited highly emotional testimony from him which caused him, the court personnel, and the trial judge to cry. A motion for mistrial was denied. The jury returned an $8,000,000 verdict, which was $2,000,000 more than what plaintiffs' counsel argued to the jury during closing would be a reasonable award for pain and suffering.[2] Dr. Glabman was found to be eighty percent negligent. The trial court denied motions for new trial or remittitur. Dr. Glabman contends on appeal that a remittitur is warranted as the damages are so excessive they could only be the result of undue emotion and sympathy.
This court is very mindful that a trial judge's decision to grant or deny remittitur "comes to us properly boxed in the wide discretion of the trial court . . . carefully wrapped in presumption of correctness and securely tied with the strong cord of a jury verdict." Smith v. Goodpasture, 179 So.2d 240, 240-41 (Fla. 2d DCA 1965). Furthermore, when reviewing a trial court's decision to deny a motion for remittitur, the law has afforded the trial court "considerable deference . . . in the matter because of the unique vantage point which the trial court has to personally observe the witnesses and jury." Rety v. Green, 546 So.2d 410, 418 (Fla. 3d DCA 1989). The appellate court must use an abuse of discretion standard to review a trial judge's refusal to grant a new trial or remittitur. See Lassitter v. Int'l Union of Operating Eng'rs, 349 So.2d 622, 627 (Fla. 1977); see also Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 725 (Fla.1985).
It is well established that, despite the fact that a jury verdict is higher or lower than the reviewing court believes it ought to have been, the court should decline to interfere with the verdict. See Lassitter, 349 So.2d at 627. However, the court may order a remittitur or new trial if it believes "the amount is so great or small as to indicate that the jury must have found it while under the influence of passion, prejudice or gross mistake." Lassiter, 349 So.2d at 627; see Harbor Ins. Co. v. Miller, 487 So.2d 46 (Fla. 3d DCA 1986) (jury award so excessive as to be evidence that it was based on emotion and sympathy); Odoms v. Travelers Ins. Co., 339 So.2d 196, 198 (Fla.1976); see also Florida Patient's Comp. Fund v. Von Stetina, 474 So.2d 783, 790 (Fla.1985) ("[m]ere sympathy cannot sustain a judgment").
*63 This court is not unsympathetic to the tragic facts of this case. But, after careful review of the record, we are compelled to reverse the jury verdict on damages as they are so excessive that they could only have been a product of passion and emotion based on Jose's emotional testimony rather than the result of the record presented. Therefore, this cause is to be remanded for reconsideration of appropriate damages. The verdict is to be "reduced to the highest amount which the jury could have properly awarded." Rety, 546 So.2d at 420 (citing Lassitter, 349 So.2d at 627). On remand, the trial court must follow the appropriate statutory procedures, set forth in section 768.74, Florida Statutes (2006), when ordering remittitur. See § 768.74, Fla. Stat. (2006); Waste Mgmt., Inc. v. Mora, 940 So.2d 1105 (Fla. 2006); Moreno v. Diaz, 943 So.2d 1011 (Fla. 3d DCA 2006); Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992) (trial court must order a remittitur and only allow for a new trial on damages if the parties refuse to accept the court's changes in the amount), abrogation on other grounds recognized, Ketchen v. Dunn, 619 So.2d 1010 (Fla. 2d DCA 1993). We affirm the verdict in all other respects.
Reversed as to damages only and remanded with instructions.
NOTES
[1] Jackson Memorial Hospital settled its lawsuit and all other defendants were dismissed from the case except Dr. Glabman.
[2] Esther was awarded $2,000,000 for past pain and suffering and $2,000,000 for future pain and suffering. Jose was awarded $2,000,000 for past pain and suffering and $2,000,000 for future pain and suffering.