996 So.2d 932 (2008)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Elaine RINDNER, Appellee.
No. 4D08-91.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
*933 Elizabeth K. Russo of the Russo Appellate Firm, P.A., Miami, and Clark Robb Mason Coulombe Buschman & Cecere, Coral Springs, for appellant.
Julie A. Hager of Law Offices of Julie A. Hager, LLC, Fort Lauderdale, for appellee.
WARNER, J.
State Farm appeals a final judgment in favor of the appellee for injuries sustained in an automobile accident. It contends that the trial court erred in failing to grant a mistrial when the appellee's mother became emotional on the stand and the court further erred in comments made to the jury during deliberations which may have placed a time limit on them. We affirm, concluding that the trial court very carefully considered the issue and did not abuse its discretion in denying the motion for mistrial. We also conclude that the court did not place a time limit on the jury.
*934 During the plaintiff's case, the plaintiff presented testimony from her mother who was in her late eighties and deaf. The mother had been with her daughter in the vehicle at the time of the accident. Through an interpreter for the deaf, she explained that she looked over at her daughter and thought she was dead. At that point the mother let out a wail, and the judge ordered the bailiff to take the jury out of the courtroom. The judge then described in great detail what was occurring. We commend the trial judge for her thorough explanation in the record of what was occurring and note the importance of providing the appellate court with a window on the events unfolding. We will not elaborate on the incident to the extent of the trial judge, but suffice it to say the mother wailed loudly and the jury was "taken aback" by the outburst. The court noted that "what went on was one of the strangest things I've been a part of." It was more than a mere emotional outburst.
Counsel for State Farm moved for a mistrial. The plaintiff objected and agreed that the jury could disregard any testimony offered by the mother. The court brought the jury back into the courtroom and instructed them to disregard the testimony and the outburst. Then the court questioned each juror individually to see if they could set aside what had transpired and decide the case based upon the facts and the law. Each juror assured her that they could.
After presentation of all of the evidence, in which there was a dispute as to the extent of the plaintiff's injuries and whether all of them were caused by the accident, the jury returned a substantial verdict for the plaintiff but not as much as requested by her counsel in closing. State Farm renewed its motion for mistrial in its motion for new trial. Although the court remembered the incident distinctly, after careful consideration, it determined that the jurors had set aside any influence of the emotional outburst. The court noted that they had paid attention throughout the trial. The court observed the manner and demeanor in which the jurors answered her questions regarding the outburst and watched them throughout the course of the trial. The court was convinced from what they said and the way they said it that they understood the importance of putting the incident aside and not letting it affect their verdict. The court noted that the evidence was carefully laid out by both sides. While the incident was intense, the court did not believe that the intensity alone was a basis upon which to grant the motion for mistrial. It summarized the reasons for denying the motion for mistrial based on the following factors:
The curative instruction, their statements under oath, the manner and demeanor in which they answered it, the presentation of evidence, and watching the jurors throughout the course of the trial, their reaction to the testimony and evidence, both before and after this outburst and all the kind of things that I would hope an appellate court would give deference to the trial court as being in a position to see what is actually going on with the jurors in the case, and would give kind of deference for that.
On appeal from the trial court's ruling, we do give deference to the trial court's advantage of seeing and hearing the entire exchange as well as the rest of the trial. An appellate court should not reverse the denial of a motion for a new trial unless the trial court abused its discretion. Izquierdo v. Gyroscope, Inc., 946 So.2d 115, 117 (Fla. 4th DCA 2007); Glabman v. De La Cruz, 954 So.2d 60, 62 (Fla. 3d DCA 2007). The court should not order a new trial unless it believes that the *935 amount awarded is so great "as to indicate that the jury must have found it while under the influence of passion, prejudice or gross mistake." Glabman, 954 So.2d at 62 (quoting Lassitter v. Int'l Union of Operating Eng'rs, 349 So.2d 622, 627 (Fla. 1977)).
Certainly, an emotional outburst has the capacity to inject such factors into the trial as to subject the jury to undue sympathy. The burden is still upon the appellant to establish that the verdict is wholly unsupported by the evidence or was the result of passion, prejudice, or other improper motive. Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990, 1002 (Fla. 4th DCA 2004).
State Farm relies on two cases to support its position that the excessively emotional conduct of the mother warrants reversal. Harbor Insurance Co. v. Miller, 487 So.2d 46 (Fla. 3d DCA 1986), involved the death of a thirteen-year-old. The family gave emotional testimony of how they reacted to the child's death. The jury awarded in excess of $2.5 million, more than any Florida court at that time had awarded for the death of a child. The Third District reversed, concluding that the excessive verdict was evidence that the prejudicial conduct, including repetitive, highly emotional testimony and impermissible golden rule arguments made in closing, made it impossible for the defendant to receive a fair trial. In Glabman v. De La Cruz, 954 So.2d 60, 62 (Fla. 3d DCA 2007), also involving the death of a child, the father gave highly emotional testimony which caused him, court personnel, and the trial judge to cry. The jury returned an $8 million verdict, which was $2 million more than what the parents' counsel requested in closing argument. The Third District reversed the verdict on damages, finding it so excessive that it could only have been the product of passion and emotion.
This case is distinguishable. Although the emotional outburst of the mother was extreme, the court immediately removed the jurors and questioned each of them to assure that they would not be tainted by what they had witnessed. The outburst startled the jurors and the court, but it did not result in an excessively emotional reaction from the jurors or the court personnel. The trial proceeded uneventfully for several more days. There was no excessively emotional testimony, and no appeals to sympathy in the closing arguments. The jury awarded the plaintiff considerably less than her counsel requested. In denying the motion for new trial, the trial court commented on the jurors' demeanor throughout the trial in deciding that the emotional outburst had not irreparably tainted the verdict. The court relied on its observations, and we must defer to the court's thoughtful and thorough consideration. The trial court did not abuse its discretion in denying the motion for mistrial and motion for new trial.
State Farm also complains that the trial court's comments to the jury at the end of their deliberations constituted undue coercion to complete its deliberations in a short amount of time. A court must refrain from suggesting to the jury that it must decide the case within a limited timeframe. See Webb v. State, 519 So.2d 748 (Fla. 4th DCA 1988). Coercion occurs where the jury is placed under time pressure to return a verdict. See Rubi v. State, 952 So.2d 630, 634 (Fla. 4th DCA 2007). "[A] trial court should not couch an instruction to a jury or otherwise act in any way that would appear to coerce any juror to reach a hasty decision or to abandon a conscientious belief in order to *936 achieve a unanimous position." Thomas v. State, 748 So.2d 970, 976 (Fla.1999).
We have read the court's comments and disagree with counsel's characterization of them. The jury retired to deliberate around 3:00 p.m. At around 4:20 p.m. the court had the jurors return to the courtroom, because it had established a schedule throughout the trial of ending proceedings each day around 4:00 p.m. based upon both jurors and court personnel's concerns for child care responsibilities and other commitments. When the jury returned to the courtroom, the court, noting its promise to end proceedings at the usual 4:00 p.m. time, inquired of the jury as to who had indicated that they had travel plans the following day. One juror responded that it was her and an alternate juror who had been dismissed. The court then excused the remaining jurors and discussed with the juror the fact that she had travel plans the next morning. The juror, however, said that she thought they were close to resolving the matter, if the jury could have another half an hour. The court then called the remaining jurors back into the courtroom and asked them if anyone had a problem working an additional half hour. No one indicated that they did, so the court permitted them to continue to deliberate, saying, "We'll see you in a half an hour, if not before."
At no time did the court suggest to the jury that deliberations must be concluded in that half hour. In fact, a fair inference from both the first and the second comments would be that the jury would deliberate for another half an hour and then come back in the morning. The court did not tell the jury that it must reach a verdict that evening. Furthermore, while State Farm's counsel questioned what would occur if the jurors did not finish deliberating in half an hour, he did not object to the comments or request additional instructions. The jury did return with a verdict just after 5:00 p.m.
While State Farm cites to Webb v. State, 519 So.2d 748 (Fla. 4th DCA 1988), for the proposition that placing a time limit on juror deliberations constitutes error, the trial court in Webb demanded that the jurors return a verdict that evening. The court here placed no such ultimatum on the jury.
Because State Farm did not object, we would be required to find that the court's comments constituted fundamental error. We not only conclude that they were not fundamental error but not error at all.
Affirmed.
POLEN and MAY, JJ., concur.