MORRIS, Judge.
 

 In 2006, Benjamin Atkinson sued his former employer, Ernie Haire Ford, Inc. (EHF), for age discrimination. A jury trial resulted in a judgment for Atkinson. Atkinson was awarded $300,000 in past wages, $1,489,830.50 in future wages, $3,579,661 in past and future pain and suffering, and $500,000 in punitive damages. EHF filed motions seeking a juror interview, new trial, and remittiturs on both the compensatory and punitive damages awards. The trial court partially granted the remittitur motion, reducing the punitive damages award to $100,000. However, the trial court denied the motions for juror interview, new trial, and remittitur on the compensatory damages awards. EHF now appeals the denial of those motions. We affirm the denial of the motions for juror interview and new trial without further comment. However for the reasons set forth below, we reverse the denial of the motion for remittitur on the compensatory damages awards.
 

 I. Analysis
 

 We review an order denying a motion for remittitur for abuse of discretion.
 
 Brown v. Estate of Stuckey,
 
 749 So.2d 490, 497-98 (Fla.1999).
 

 a. The noneconomic damages award is excessive.
 

 Here, Atkinson was awarded more than $3.5 million in noneconomic damages despite the fact that the evidence did not substantiate such a large award. We note that, in cases like this, where a plaintiff presents no proof of physical injury or emotional pain and suffering, courts have been reluctant to uphold damages awards which exceed six figures. In one age discrimination case, the Fourth District Court of Appeal reversed and remanded a $1.1 million compensatory damages pain and suffering award with directions for the trial court to enter a remittitur.
 
 City of Hollywood v. Hogan,
 
 986 So.2d 634 (Fla. 4th DCA 2008). In that case, although the plaintiff, Hogan, was embarrassed and hurt by being passed over for a promotion, he did not seek psychological counseling and experienced no physical injury.
 
 Id.
 
 at 647-48. The Fourth District held that the $1.1 million award therefore “shock[ed] the judicial conscience” because it was a “typical” age discrimination case.
 
 Id.
 
 at 649-50. The court further held — as a matter of law — that in a “typical” age discrimination case, where a plaintiff experiences no physical injury and presents no medical or psychological evidence of emotional pain and suffering, noneconomic damages should not exceed the $5000 to $30,000 range.
 
 Id.
 

 Similarly, in
 
 Stone v. GEICO General Insurance Co.,
 
 No. 8:05-cv-636-T-30TBM, 2009 WL 3720954, at *6 (M.D.Fla. Nov.5, 2009), another age discrimination case, the court granted the defendant’s motion for remittitur in part, finding that the jury award of $200,000 in compensatory dam
 
 *133
 
 ages for pain and suffering should be reduced to $50,000. In doing so, the court held that “[t]o recover more than nominal damages for emotional distress, [the][p]laintiff must prove actual injury.”
 
 Id.
 
 (citing
 
 Carey v. Piphus,
 
 435 U.S. 247, 263-64, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), and
 
 Rutstein v. Avis Rent-A-Car Sys., Inc.,
 
 211 F.3d 1228, 1239 (11th Cir.2000)). Because the plaintiff in that case received no psychological counseling or medical treatment, the court determined her claim was a “garden-variety emotional distress claim” which necessitated the re-mittitur.
 
 Id.
 
 at *5-*7.
 

 Much like the facts of
 
 Hogan
 
 and
 
 Stone,
 
 the facts of this case are those of a “typical” or “garden-variety” age discrimination case. Atkinson presented no proof of physical injury or medical or psychological evidence of emotional pain and suffering. Accordingly, we hold that the $3,579,661 compensatory damages award for past and future pain and suffering was excessive as a matter of law and that the trial court abused its discretion in denying EHF’s motion for remittitur on that issue.
 

 b. Damages for lost wages may not be awarded in an amount greater than the amount proven at trial.
 

 In this case, the jury awarded Atkinson over $1.7 million in damages for past and future lost wages. That amount exceeded the amount Atkinson requested by more than $300,000. The award was thus against the manifest weight of the evidence presented to the jury at trial, and the trial court abused its discretion by denying EHF’s motion for remittitur on that issue.
 

 In
 
 Rivard v. Gioid,
 
 872 So.2d 947, 948 (Fla. 5th DCA 2004), the Fifth District reversed a $1.25 million economic damages award where the evidence established out-of-pocket expenses of only $500,000. The court remanded the case to allow the plaintiff to either accept a reduction of the award to $500,000 or a new trial on the issue of damages. Other courts have held similarly.
 
 See, e.g., Glabman v. De La Cruz,
 
 954 So.2d 60, 62-63 (Fla. 3d DCA 2007);
 
 Fla. Power & Light v. Goldberg,
 
 856 So.2d 1011, 1029 (Fla. 3d DCA 2002),
 
 quashed on other grounds,
 
 899 So.2d 1105 (Fla.2005). And, in fact, this court holds that where a verdict is against the manifest weight of the evidence, “the trial court has an affirmative duty to order a remitti-tur or to grant a new trial.”
 
 Normius v. Eckerd Corp.,
 
 813 So.2d 985, 988 (Fla. 2d DCA 2002) (citing
 
 Hawk v. Seaboard Sys. R.R.,
 
 547 So.2d 669, 671 (Fla. 2d DCA 1989)).
 

 Consequently, because the award for past and future lost wages in this case clearly was against the manifest weight of the evidence, we reverse and remand with directions for the trial court to determine the actual amount proven at trial. The trial court should then provide Atkinson with the option to either accept the reduced amount or to receive a new trial on the issue of damages.
 

 II. Conclusion
 

 We hold that the trial court abused its discretion in denying EHF’s motion for remittitur on the issues of noneconomic damages and past and future lost wages. We therefore affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
 

 NORTHCUTT and WALLACE, JJ., Concur.