# Third District Court of Appeal

### State of Florida

Opinion filed September 28, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2653
Lower Tribunal No. 10-3954
_____

**Faith Freight Forwarding Corporation,**
Appellant/Cross-Appellee,

vs.

**Carlos Anias,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

WermuthLaw, P.A., and J. Michael Wermuth and Osnat Dorot; Hicks, Porter, Ebenfeld & Stein, P.A., and Shannon Kain (Hollywood) and Mark Hicks, for appellant/cross-appellee.

Sina Negahbani, for appellee/cross-appellant.

Before ROTHENBERG, LAGOA, and LOGUE, JJ.

LOGUE, J.

# CORRECTED OPINION

We withdraw this Court's opinion dated September 7, 2016, and substitute the following corrected opinion in its stead.

In a case arising out of a retaliatory discharge for seeking workers' compensation benefits, Faith Freight Forwarding Corporation ("Employer") appeals the final judgment entered in favor of Carlos Anias ("Employee") and the denial of its motion for remittitur. The Employee cross-appeals the orders denying leave to assert a claim for punitive damages and entitlement to attorneys' fees.

We affirm the jury's finding of liability. But, in light of the absence of medical evidence that the Employer's conduct caused the Employee's medical condition to worsen or caused the Employee to suffer past or future psychological harm, we conclude that the jury's award of $750,000 was excessive. The fact that the Employee cried on the stand, as noted by his lawyer at oral argument, simply is not sufficient. See Glabman v. De La Cruz, 954 So. 2d 60, 63 (Fla. 3d DCDA 2007) ("[A]fter careful review of the record, we are compelled to reverse the jury verdict on damages as they are so excessive that they could only have been a product of passion and emotion based on [the plaintiff's] emotional testimony rather than the result of the record presented."); Olen Props. Corp. v. Cancel, 178 So. 3d 437 (Fla. 4th DCA 2015) ("In this sex discrimination and retaliation case, we reverse the $700,000 award of non-economic damages as excessive."); City of

Hollywood v. Hogan, 986 So. 2d 634, 647 (Fla. 4th DCA 2008) ("The jury awarded each plaintiff $1,183,544. Of that sum, $1,100,000 was awarded for compensatory damages other than lost wages. We conclude that the award to each individual for the non-economic damages was grossly excessive."); Ernie Haire Ford, Inc. v. Atkinson, 64 So. 3d 131, 133 (Fla. 2d DCA 2011) (reversing $3.5 million in noneconomic damages and $1.7 million in damages for past and future lost wages, where the noneconomic damages award was excessive and the damages for past and future lost wages were not supported by the evidence).

Similar to Glabman, Hogan, and Atkinson, the failure to grant the motion for remittitur constituted an abuse of discretion. We remand for the trial court to determine a remittitur amount, or order a new trial on damages if the party adversely affected by the remittitur does not agree to the remitted amount. See § 768.74(4), Fla. Stat. (2014). We also note that the final judgment improperly awarded post-verdict interest. See Amerace Corp. v. Stallings, 823 So. 2d 110, 114 (Fla. 2002); Ford Motor Co. v. Jimenez, 870 So. 2d 831, 833 (Fla. 3d DCA 2003) ("The Amerace decision establishes the general rule that interest is not awardable for the period after the verdict but before the judgment."). Without discussion, we reject the other arguments raised by the Employer.

Turning to the Employee's cross appeal, we reverse the order denying leave to assert a claim for punitive damages. Contrary to the trial court's conclusion,

there was "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2014).

Finally, we reverse the order which held the Employee's offer of judgment pursuant to section 768.79, Florida Statutes (2014), was invalid. Section 768.79(1) applies "[i]n any civil action for damages filed in the courts of this state . . . ." In construing the term "action for damages," the Florida Supreme Court held that section 768.79 is inapplicable in cases where the plaintiff sought both damages and equitable relief. Diamond Aircraft Indus., Inc., v. Horowitch, 107 So. 3d 362, 374 (Fla. 2013). This case, however, is unlike Diamond Aircraft. Instead, this case more closely resembles DiPompeo Construction Corp. v. Kimmel & Associates, Inc., 916 So. 2d 17 (Fla. 4th DCA 2005), where the plaintiff's claim was an action for damages because the "real issue" before the court was whether the plaintiff owed the compensation.

The Employee's passing reference to "equitable relief" in the operative complaint does not change our conclusion, particularly where, as here, the Employer could not identify any equitable relief that was ever at issue in the discovery or trial of this matter. See id. at 18 ("[T]his court has looked behind the procedural vehicle used to bring a lawsuit and focused on whether the 'real issue' in the case is one for damages."); see also Diamond Aircraft, 107 So. 3d at 373

4

(citing <u>DiPompeo</u> with approval). Thus, the Employee is entitled to recover attorneys' fees under the offer of judgment statute if, after the issue of damages has been fully resolved on remand, it "recovers a judgment in an amount at least 25 percent greater than the offer." § 768.79(1).

For these reasons, we affirm the jury's finding of liability, but we reverse the jury's award of damages, the trial court's award of post-verdict interest, the order denying leave to assert a claim for punitive damages, and the order denying entitlement to attorneys' fees pursuant to the offer of judgment statute.

Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.