668 So.2d 686 (1996)
COAST TO COAST REAL ESTATE, INC., Appellant,
v.
WATERFRONT PROPERTIES, INC., Appellee.
No. 95-0205.
District Court of Appeal of Florida, Fourth District.
February 28, 1996.
Rehearing, Rehearing, and Certification Denied May 2, 1996.
Geoffrey L. Jones of Jeck Harris Jones & Kaufman, Jupiter, for appellant.
David A. Acton of Watterson, Hyland, Baird & Klett, P.A., Palm Beach Gardens, for appellee.
Rehearing, Rehearing En Banc, and Certification Denied May 2, 1996.
DELL, Judge.
Coast to Coast Real Estate, Inc. (Coast) appeals the trial court's denial of attorney's fees under section 768.79, Florida Statutes (1993). We reverse and remand.
Appellee Waterfront Properties, Inc. (Waterfront) sought declaratory relief against Coast and others to determine entitlement to *687 a real estate commission arising out of the sale of certain real property. Waterfront also sought supplemental relief in the form of monetary damages against Soukup Design Homes, Inc. (Soukup)[1], the owner of the property at issue.
Coast, the broker who introduced the buyers to the Soukup property, filed a counterclaim against Waterfront requesting damages for breach of contract due to alleged reliance on the Regional Multiple Listing Service, Inc. (MLS) and violations of the MLS rules and regulations. In an amended counterclaim, Coast added a second count for damages for breach of contract due to alleged reliance upon oral representations concerning the listing of the subject property with the MLS. Coast alleged that Waterfront listed the property on MLS and represented to Coast that Waterfront had an exclusive right to sell under a listing agreement with Soukup. Coast further alleged that in reliance on Waterfront's representations and the MLS listing, Coast introduced the buyers to the property who subsequently entered into a purchase and sale agreement and purchased the property. Coast claimed that Soukup negotiated directly with the buyers because the listing agreement between Waterfront and Soukup had expired before Coast learned of the property from Waterfront. Coast stated that Waterfront breached its agreement with Coast by failing to have a listing agreement in place as represented by the MLS listing.
Before trial, Coast served Waterfront with an "offer of judgment" in which Waterfront offered to settle for the sum of $14,500. Waterfront responded with an offer of judgment in the amount of $1,000. After a nonjury trial, the trial court found in favor of Coast and awarded Coast damages in the amount of $16,500 and $3,035.04 in prejudgment interest. The order denying rehearing and clarifying the amended final judgment stated:
4) The Court's decision was rendered pursuant to the Declaratory Relief Action wherein the rights and obligations of the various parties was [sic] declared by the Court;
5) Coast to Coast, under the Declaratory Action was entitled to receive damages in the amount indicated on the basis Waterfront failed to procure the listing agreement that should have been in effect when Coast to Coast's salesperson showed the property to the [buyers];
Coast moved for attorney's fees pursuant to section 768.79, Florida Statutes (1993) based on its "offer of judgment." In denying Coast's motion for attorney's fees, the trial court concluded that the judgment was rendered in a declaratory action and thus the offer of judgment statute was not applicable.
Waterfront points out that Coast's offer of judgment was actually a demand for judgment by Coast as a counterplaintiff. However, Waterfront recognizes that the law is well settled that the mistitling in the caption of a document or pleading will not defeat the true character of a document or pleading and substance over form prevails. See, e.g., Florida Fuel Oil, Inc. v. Springs Villas, Inc., 95 So.2d 581, 583 (Fla.1957). Coast does not dispute Waterfront's assertion that it mislabeled its offer to settle. We have reviewed the substance of Coast's "offer of judgment" and conclude that it complies with the demand for judgment provision as set forth in section 768.79, Florida Statutes (1993).
In V.I.P. Real Estate v. Florida Ex. Realty, 650 So.2d 199, 201 (Fla. 4th DCA 1995), three real estate brokers claimed entitlement to an interplead real estate commission. The brokers argued that section 768.79, Florida Statutes (1993) did not apply to an interpleader action as it could only be applied in actions for damages. This court agreed with the argument that the statute applies only in actions for damages, but held that the statute may be applicable in an interpleader action:
The real issue in this case is entitlement to a real estate commission. In essence, what was sought was damages for breach of contract. The fact that the procedural device employed was an interpleader action does not make it any less an action for damages.
V.I.P., 650 So.2d at 201.
Similarly, the real issue in this case centered on entitlement to a real estate commission *688 and Coast's claim for damages for breach of contract. The trial court awarded damages to Coast based on its entitlement to a commission for the sale of the Soukup property. Therefore, we hold, as this court did in V.I.P., this case was for damages and section 768.79, Florida Statutes (1993) applies to this action.
We also hold that Coast's demand for judgment met the statutory threshold for entitlement to recover attorney's fees under the statute. Coast's written offer of judgment was for $14,500 and the amended final judgment awarded a total of $19,535.04.[2] The total award of more than $18,125, which is 125% of the amount offered by Coast, entitles Coast to the application of the statute and an award of fees and costs against Waterfront. See Beyel Brothers Crane and Rigging Co. of So. Fla., Inc. v. Ace Transp., 664 So.2d 62 (Fla. 4th DCA 1995); Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993).
We reverse and remand for an evidentiary hearing to award attorney's fees as provided in section 768.79, Florida Statutes (1993).
REVERSE AND REMAND.
GUNTHER, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] Soukup is not a party to this appeal.
[2] Prejudgment interest is properly included as an element of damages. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).