677 So.2d 998 (1996)
Jesse NELSON, Appellant,
v.
THE MARINE GROUP OF PALM BEACH, INC., a Florida corporation and Rick Foreman, Appellees.
Nos. 95-1911, 95-3789.
District Court of Appeal of Florida, Fourth District.
August 14, 1996.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, and Jack L. Platt, Melbourne, for appellant.
Louis L. Hamby, III, of Alley, Maass, Rogers & Lindsey, P.A., Palm Beach, for appellees.
PARIENTE, Judge.
Appellant, Jesse Nelson (buyer), appeals the award of liquidated damages in favor of appellees, The Marine Group (broker) and Rick Foreman (seller), arising from a breach of a contract to purchase seller's yacht. Buyer also appeals the award of attorney's fees. We affirm the award of liquidated damages, but reverse the judgment for attorney's fees because the amount awarded exceeded the total amount which broker and seller were obligated to pay under their fee agreement with the law firm.
*999 The trial court found that buyer had breached the contract, thus entitling broker and seller to a total of $47,500 in liquidated damages. The trial court further awarded broker and seller $52,010 as a reasonable attorney's fee, finding 297.2 hours to be a reasonable number of hours for the entire litigation and $175.00 a reasonable hourly rate.
The award of attorney's fees in this case was based both on a prevailing party provision in the contract of sale in favor of broker and an offer of judgment filed jointly by broker and seller. Both broker and seller were entitled to an award for attorney's fees after the filing of the offer of judgment; only broker was entitled to an award for its attorneys' time expended prior to the filing of the offer of judgment.[1]
Initially, we reject buyer's argument that because this action was brought as a declaratory judgment action, the offer of judgment statute did not apply. Although buyer brought this action as a declaratory judgment, the only matter at issue was moneywhether seller was entitled to retain the escrowed deposit as liquidated damages or whether buyer was entitled to its return. As evidenced both by the real issues in dispute and the counterclaim which clearly framed this case as an action for damages, the offer of judgment statute properly applied. See Coast to Coast Real Estate, Inc. v. Waterfront Properties, Inc., 668 So.2d 686 (Fla. 4th DCA 1996); V.I.P. Real Estate Corp. v. Florida Executive Realty Management Corp., 650 So.2d 199 (Fla. 4th DCA 1995).
The testimony of Theresa Bennett, an associate with the law firm who performed the majority of the representation, established that the law firm initially represented only broker. Shortly thereafter, seller contacted the law firm for representation. Bennett testified to the contractual relationship between the law firm and both broker and seller:
Well, I don't think that we had a fee contract per say [sic] because we do representI believe that Rob probably said to them, you know, we'll do right by you, or we'll be reasonable. At any rate, all I know is we had a reasonable billing practice with them. We would send them our bills, and they would pay them over the course of the litigation.

(Emphasis supplied).
As to representing seller after initially representing only broker, Bennett testified:
He [seller] decided to engage us; we considered the conflicts and advised him accordingly. We got a waiver of conflicts for both sides. And at that point we said, look, what we'll do is since we would have to do the same for each side, you know, why don't we just defend the case and split your bill down the middle. So I ended up effectively working for each side for $62.50 per hour.
(Emphasis supplied).
The hourly rate billed ranged from $100 per hour to $200 per hour, depending on the attorney involved. The majority of the hours were billed at $125 per hour for Bennett. Bennett testified that she expended no greater time representing both broker and seller than she would have if she had represented just broker. She further testified that "conceivably" representation of only one client might have resulted in a greater number of hours expended if discussions of joint strategy with another law firm had been required.
The law firm's bills demonstrated that the law firm billed broker a total of $20,256 and separately billed seller a total of $16,121.50. Thus, the total amount of the bills to both clients, $36,377.50, was substantially less than the $52,010 in fees awarded by the trial court.
The expert witness for broker and seller testified that a total of 297.2 hours at a "blended rate" of $175 per hour was reasonable. This amounted to a total fee of $52,010, which the trial court awarded. By utilizing the rate of $175 per hour, the trial court exceeded the hourly rate actually billed *1000 to broker and seller.[2] Further, the trial court based the award to broker for attorney's fees prior to filing the offer of judgment on the number of hours the expert testified were reasonable, a number which combined the hours billed to both broker and seller.[3] The trial court thus exceeded the fee agreement between broker and the law firm and exceeded the amount which broker was billed and obligated to pay.
The object of contractual attorney's fees is to make the prevailing party whole. Thus, an adversary should not have to pay more than the amount the client is obligated to pay. This case is governed by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified, Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), and its progeny. Pursuant to Rowe, lawyers are precluded from receiving fees in excess of the number of hours that could properly be billed to the client. Id. at 1150.
In this case, it may be that the trial court awarded the combined hours charged to both broker and seller because of the testimony that the law firm expended no greater time in the joint representation than if it had represented only broker. The fact is that each client benefitted as a result of the joint representation. However, a fee award cannot exceed the actual fee agreement or the amount for which the client is in fact responsible. See Lane v. Head, 566 So.2d 508, 512 (Fla.1990); Perez-Borroto v. Brea, 544 So.2d 1022 (Fla.1989). This is so even if the expert witness testifies that a greater number of hours is reasonable. See Williams v. Brochu, 578 So.2d 491, 494 (Fla. 5th DCA 1991).
Broker and seller acknowledge these principles but argue that in the absence of a clearly defined fee agreement, the trial court was within its authority to award fees based on a reasonable hourly rate multiplied by a reasonable number of hours. We reject this notion. In this case, the fee agreement was established by Bennett's testimony. Additionally, the amount billed to broker and seller, as evidenced by the actual bills sent to each of them, is the best indication of the fee agreement.
Based on the uncontroverted evidence and testimony, the fee agreement was that each client would be responsible for only a portion of the attorney's total time expended; broker and seller were not jointly responsible for the entire amount. There is no evidence that broker was in fact responsible for paying more than the amount billed by the law firm. This is also not a case where the agreement between the parties was for the attorney to receive a court-awarded fee or a specified fee, whichever was greater. Kaufman v. MacDonald, 557 So.2d 572 (Fla.1990).
As to the fee awarded broker pursuant to contract, broker was precluded from receiving an award based on combining the hours expended in the combined representation of both broker and seller where the fee agreement provided otherwise. Broker was also precluded from receiving an amount in excess of the actual fee charged by the law firm. As to the award for fees incurred after the filing of the offer of judgment, the amount erroneously exceeded the amount actually charged.
Accordingly, we reverse and remand for recalculation of the total amount of fees in a manner consistent with this opinion.
STONE and FARMER, JJ., concur.
NOTES
[1] The contract provided for an award to the broker from the non-prevailing party if broker was found not to be at fault in the litigation. There was no similar provision in favor of seller or any general prevailing party provision in the contract.
[2] The expert witness testified that it is customary to bill commercial clients at a blended rate using the lower rates of the associates combined with the higher rates of the partner and that a blended rate of $175 per hour would be reasonable. What the parties neglected to argue either to the trial court or on appeal was that in this case the law firm did not bill either broker or seller at a blended rate; instead, the firm billed an amount ranging from $100 to $200 per hour for each attorney.
[3] The fact that the combined number of hours was utilized for fees awarded after the offer of judgment would be harmless because both broker and seller were entitled to an award of fees on the basis of the offer of judgment statute.