GROSS, J.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), appellants seek review of an award of appellate attorney’s fees under section 713.29, Florida Statutes (2002).
Appellee’s fee agreement with its attorney was a partial contingency-fee arrangement, where “an attorney is guaranteed a fee that is less than his or her customary reasonable fee if the client loses, but the opportunity for an enhanced fee if the client prevails.” Lane v. Head, 566 So.2d 508, 509 n. 1 (Fla.1990). Appellee agreed to pay its appellate attorney $1,500.00 as a “partial, flat fee.” The fee agreement contemplated that if appellee prevailed in the appeal, the attorney would seek a court awarded fee; if the attorney collected the awarded fee from appellants, the attorney would refund up to $1,500.00 to appellee.
After an evidentiary hearing, the trial court awarded an appellate attorney’s fee of $13,905.02.
Appellants’ main argument is that “a party cannot recover attorney’s fees in an amount greater than the amount for which the party is legally obligated to pay its attorney.” For that proposition, they rely primarily on Nelson v. Marine Group of Palm Beach, Inc., 677 So.2d 998 (Fla. 4th DCA 1996). There, an attorney billed a client $36,377.50, based on an hourly rate. The trial court awarded attorney’s fees of $52,010. We reversed because the fee award exceeded “the actual fee agreement or the amount for which the client [was] in fact responsible.” Id. at 1000.
Unlike Nelson, this was not a case where the attorney-client contract made the client responsible for an hourly rate, and nothing more. The award of fees did not exceed the fee agreement between ap- *486 pellee and its attorney; that partial contingency-fee arrangement contemplated that the attorney could seek an amount greater than $1,500.00 from the court. See Kaufman v. MacDonald, 557 So.2d 572, 573 (Fla.1990).
The motion for review is denied.
KLEIN and TAYLOR, JJ., concur.