GROSS, J.
This case began in the circuit court as a declaratory judgment action. The issue we address is whether the lawsuit was an “action for damages,” within the meaning of section 768.79(1), Florida Statutes (2004), so that the offer of judgment statute applies. We hold that because the real issue in the case was one of damages, section 768.79 controlled appellant’s offer *18 of judgment. We therefore reverse the order denying attorney’s fees.
Appellee, Kimmel & Associates, Inc., is a professional recruiting firm. Kimmel sent an invoice to appellant DiPompeo Construction Corporation for $20,000, representing KimmePs commission for an executive search.
DiPompeo disputed that it owed Kimmel a commission arising from its hiring of an employee. Therefore, DiPompeo filed a complaint seeking a declaratory judgment that because it had no contract with Kim-mel, the corporation owed Kimmel no money. Later, Kimmel sued DiPompeo in North Carolina for its commission.
In February 2003, DiPompeo served a proposal for settlement offering $1,000 pursuant to section 768.79; the offer sought to resolve both the North Carolina case and the Florida declaratory action. Kimmel did not accept the offer.
In May 2003, Kimmel filed a counterclaim in the Florida declaratory action seeking to recover its commission on the theories of breach of contract and unjust enrichment. KimmePs causes of action were identical to those in the North Carolina suit. Kimmel subsequently took a voluntary dismissal of the North Carolina action.
In August 2004, the circuit court entered final judgment in favor of DiPompeo in the declaratory judgment action and against Kimmel on its counterclaim. The court found that a contract existed between the parties, but that DiPompeo’s hiring of the employee was “independent of the contract,” since it was not the result of Kim-mePs efforts. The essence of the final judgment was that DiPompeo did not owe a-commission to Kimmel.
w. DiPompeo filed a motion for attorney’s lees pursuant to section 768.79. Based on Wational Indemnity Co. v. Consolidated Insurance Services, 778 So.2d 404 (Fla. 4th DCA 2001), the trial court denied the motion, ruling that DiPompeo’s declaratory judgment action was not a “civil action for damages.”
Section 768.79(1) applies “[i]n any civil action for damages filed in the courts of this state.... ” In construing the term “action for damages,” this court has looked behind the procedural vehicle used to bring a lawsuit and focused on whether the “real issue” in the case is one for damages. National Indemnity, 778 So.2d at 408. Here the real issue in the case involved damages — whether DiPompeo owed the $20,000 commission to Kimmel — so that the offer of judgment statute applied.
This case is similar to Coast to Coast Real Estate, Inc. v. Waterfront Properties, Inc., 668 So.2d 686 (Fla. 4th DCA 1996), and Nelson v. Marine Group of Palm Beach, Inc., 677 So.2d 998 (Fla. 4th DCA 1996). Both cases began as declaratory judgment actions; in both cases, we held that an award of attorney’s fees under section 768.79 was proper, because the central issue in each case was the entitlement to money damages.
In Coast to Coast, a real estate broker filed a declaratory relief action to “determine entitlement to a real estate commission arising out of the sale of certain real property.” 668 So.2d at 686-87. The defendant broker counterclaimed for breach of contract. A final judgment awarded the real estate commission to the defendant broker, which sought attorney’s fees under section 768.79. The trial court denied the motion for fees, ruling that the offer of judgment statute was inapplicable because the judgment had been rendered in a declaratory judgment action. Id. at 687. This court reversed, holding that the “real issue in [the] case centered on entitlement to a real estate commission and [the defendant broker’s] claim for damages for *19 breach of contract,” so that the case was an “action for damages” within the meaning of section 768.79. Id.
Nelson was also a case that began as a declaratory judgment followed by a counterclaim for breach of contract. 677 So.2d at 998-99. The central issue was the entitlement to a deposit given by a prospective buyer in a yacht sale transaction. The trial court held that the buyer had breached the contract, entitling the seller and broker to retain the deposit as liquidated damages. Id. at 999. On appeal we rejected the buyer’s argument that section 768.79 did not apply:
Although buyer brought this action as a declaratory judgment, the only matter at issue was money — whether seller was entitled to retain the escrowed deposit as liquidated damages or whether buyer was entitled to its return. As evidenced both by the real issues in dispute and the counterclaim which clearly framed this case as an action for damages, the offer of judgment statute properly applied.
Id. at 999 (internal citations omitted).
Like the real estate commission in Coast to Coast and the yacht buyer’s deposit in Nelson, the executive search commission central to this case was an issue of money damages. The case was thus an “action for damages” under section 768.79, so that an award of attorney’s fees was proper if the requirements of the statute were met. We distinguish this case from National Indemnity, a declaratory judgment action where “[n]o money damages or payment of money [was] directly requested” and the real issue in the case was “insurance coverage for an underlying tort action.” 778 So.2d at 408.
The order denying appellant’s motion for attorney’s fees is reversed and the case is remanded to the circuit court for further proceedings.
STONE, J., and SCOLA, JACQUELINE H., Associate Judge, concur.