LEWIS, J.
This case is before the Court for review of four questions of Florida law certified by the United States Court of Appeals for the Eleventh Circuit that are determinative of a cause pending in that court and for which there appears to be no controlling precedent. We have jurisdiction. See art. V, § 8(b)(6), Fla. Const.
FACTS AND PROCEDURAL HISTORY
The four certified questions before this Court are:
DOES FLA. STAT. § 501.2105 ENTITLE A PREVAILING DEFENDANT TO AN ATTORNEY’S FEE AWARD IN A CASE IN WHICH A PLAINTIFF BRINGS AN UNFAIR TRADE PRACTICES CLAIM UNDER THE FDUTPA [FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT], BUT THE DISTRICT COURT DECIDES THAT THE SUBSTANTIVE LAW OF A DIFFERENT STATE GOVERNS THE UNFAIR TRADE PRACTICES CLAIM, AND THE DEFENDANT ULTIMATELY PREVAILS ON THAT CLAIM?
IF FLA. STAT. § 501.2105 APPLIES UNDER THE CIRCUMSTANCES DESCRIBED IN THE PREVIOUS QUESTION, DOES IT APPLY ONLY TO THE PERIOD OF LITIGATION UP TO THE POINT THAT THE DISTRICT COURT HELD THAT THE PLAINTIFF COULD NOT PURSUE THE FDUTPA CLAIM BECAUSE FLORIDA LAW DID NOT APPLY TO HIS UNFAIR TRADE PRACTICES CLAIM, OR DOES IT APPLY TO *365 THE ENTIRETY OF THE LITIGATION?
DOES FLA. STAT. § 768.79 APPLY TO CASES THAT SEEK EQUITABLE RELIEF IN THE ALTERNATIVE TO MONEY DAMAGES; AND, EVEN IF IT DOES NOT GENERALLY APPLY TO SUCH CASES, IS THERE ANY EXCEPTION FOR CIRCUMSTANCES IN WHICH THE CLAIM FOR EQUITABLE RELIEF IS SERIOUSLY LACKING IN MERIT?
UNDER FLA. STAT. § 768.79 AND RULE 1.442, IS A DEFENDANT’S OFFER OF JUDGMENT VALID IF, IN A CASE IN WHICH THE PLAINTIFF DEMANDS ATTORNEY’S FEES, THE OFFER PURPORTS TO SATISFY ALL CLAIMS BUT FAILS TO SPECIFY WHETHER ATTORNEY’S FEES ARE INCLUDED AND FAILS TO SPECIFY WHETHER ATTORNEY’S FEES ARE PART OF THE LEGAL CLAIM?
Horowitch v. Diamond Aircraft, Indus., Inc., 645 F.3d 1254, 1262-67 (11th Cir.2011).
The action from which these certified questions arose involves a contract dispute between Dr. Alan Horowitch, M.D., a resident of the State of Arizona, and Diamond Aircraft Industries, Inc., a foreign corporation that operates in Florida and has an agent here. In June 2004, Horowitch contracted to buy a single engine jet aircraft from Diamond Aircraft for the price of $850,000. Diamond Aircraft, however, failed to deliver the aircraft to Horowitch and refused to complete the transaction unless he paid a purchase price of at least $1,380,000. Consequently, Horowitch filed an action against Diamond Aircraft in the Circuit Court for the Ninth Judicial Circuit of Florida in which he sought specific performance of the contract with Diamond Aircraft and claimed that Diamond Aircraft breached both the terms of the contract and the implied covenants of good faith and fair dealing. Horowitch filed the action in a Florida state court with the contract at issue containing a provision that established exclusive jurisdiction and venue in Florida for all disputes and controversies arising from the contract.
The action filed in state court was removed to the United States District Court for the Middle District of Florida. After removal of the action, Horowitch amended his complaint. The amended complaint provided four claims: (1) specific performance of the contract; and, in the alternative, (2) breach of contract; (3) breach of the covenants of good faith and fair dealing; and (4) deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Horow-itch demanded attorney’s fees pursuant to a prevailing party attorney’s fees provision provided under FDUTPA.
Pursuant to section 768.79, Florida Statutes (2011), Diamond Aircraft served Ho-rowitch with an offer of judgment for $40,000. The offer of judgment stated:
1. Diamond Aircraft offers to settle this case on the following terms:
2. Diamond Aircraft shall pay Plaintiff the sum of forty thousand dollars ($40,000.00).
2. This offer is intended to resolve all claims that were or could have been asserted by Plaintiff against Diamond Aircraft in the Amended Complaint filed March 15, 2007. The condition of this offer is that Plaintiff will dismiss his pending claims against Diamond Aircraft, with prejudice to re-file.
3. This offer shall remain open for thirty (30) days from the date hereof. Failure to accept this offer within thirty (30) days shall be deemed a *366 rejection of this offer under Fla. Stat. § 768.79(1).
4. This offer shall be accepted by filing a written acceptance with the Court within 30 days after service. Fla. Stat. § 768.79(4).
(Emphasis added.)
Horowitch did not accept this offer and both parties subsequently moved for summary judgment. The federal district court applied Florida law with regard to Horow-itch’s demand for specific performance of the contract, as well as for his claims of breach of contract and breach of the implied covenants of good faith and fair dealing. Application of Florida law caused the trial court to enter a summary final judgment on all three of those claims in favor Diamond Aircraft. With regard to the remaining deceptive trade practices claim, the district court permitted the claim to proceed, but held that Arizona law (specifically, the Arizona Consumer Fraud Act (ACFA)), not Florida law, applied. The district court reasoned that Arizona law was applicable because that state was the location of most of the business contacts between the parties. After a nonjury trial, the district court entered judgment in favor of Diamond Aircraft and against Ho-rowitch on the deceptive trade practices claim.
After the final judgment had been entered, Diamond Aircraft moved for attorney’s fees. It claimed entitlement to fees (1) pursuant to the offer of judgment it previously served on Horowitch and section 768.79, Florida Statutes; and (2) pursuant to the prevailing party attorney’s fee provision provided in FDUTPA (section 501.2105, Florida Statutes (2006)). Diamond Aircraft contended that it was entitled to fees under FDUTPA notwithstanding that the district court had previously concluded that FDUTPA did not apply to Horowiteh’s deceptive trade practices claim. Diamond Aircraft contended that by asserting and seeking recovery under FDUTPA, Horowitch had invoked the application of FDUTPA’s attorney’s fees provision, even if he did not prevail under that statutory provision.
The district court denied the motion for attorney’s fees. The court held that section 768.79 was inapplicable because Ho-rowitch asserted both an equitable claim for non-monetary relief (specific performance) and, in the alternative, a claim for damages based on either breach of contract, breach of implied covenants, or a deceptive trade practice by Diamond Aircraft. The district court also held that Diamond Aircraft was not entitled to attorney’s fees under FDUTPA because Arizona law and not FDUTPA applied to the deceptive trade practices claim advanced by Horowitch. The district court concluded that Diamond Aircraft was not entitled to attorney’s fees under the Arizona law because the ACFA did not contain an applicable attorney’s fees provision. Diamond Aircraft sought review of the denial of its motion for attorney’s fees in the Eleventh Circuit.
On appeal, the Eleventh Circuit examined Florida law with regard to Diamond Aircraft’s claim for attorney’s fees under FDUTPA and Florida’s offer of judgment statute. See generally Horowitch, 645 F.3d at 1254-67. The federal appellate court concluded that Florida law has not specifically addressed these issues and certified the four questions to this Court. See id.
FDUTPA CERTIFIED QUESTIONS
First Certified FDUTPA Question
DOES FLA. STAT. § 501.2105 ENTITLE A PREVAILING DEFENDANT TO AN ATTORNEYS FEE AWARD IN A CASE IN WHICH A PLAIN *367 TIFF BRINGS AN UNFAIR TRADE PRACTICES CLAIM UNDER THE FDUTPA, BUT THE DISTRICT COURT DECIDES THAT THE SUBSTANTIVE LAW OF A DIFFERENT STATE GOVERNS THE UNFAIR TRADE PRACTICES CLAIM, AND THE DEFENDANT ULTIMATELY PREVAILS ON THAT CLAIM?
We answer this question in the affirmative because Horowitch invoked FDUTPA by filing an action asserting a claim seeking recovery under that act in which Diamond Aircraft ultimately prevailed.
Standard of Review and Applicable Rules of Statutory Interpretation
The issue before this Court is a matter of statutory construction, which we review de novo. See Borden v. East-European Ins. Co., 921 So.2d 587, 591 (Fla.2006). Legislative intent is the polestar that guides our analysis regarding the construction and application of the statute. See Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003). Our statutory analysis begins with the plain meaning of the actual language of the statute, as we discern legislative intent primarily from the text of the statute. See Heart of Adoptions, Inc. v. J.A., 968 So.2d 189, 198 (Fla.2007). If statutory language is “clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.” Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). In instances of an ambiguity in statutory language, we may resort to the rules of statutory construction, which permit us to examine the legislative history to aid in our determination regarding legislative intent. See Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993). It is also well-established in Florida that a statute that awards attorney’s fees is in derogation of the common law rule that each party pay its own attorney’s fees and must be strictly construed. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003).
FDUTPA and its Attorney’s Fees Provision
Under FDUTPA, the Florida Legislature has declared that deceptive or unfair methods of competition and practices in trade and commerce are unlawful. See §§ 501.204, 501.2075, Fla. Stat. (2011). The express legislative purpose of FDUT-PA is to protect individual consumers and certain defined business activities from deceptive, unfair, or unconscionable methods of business competition and trade practice. See id. § 501.202; see also § 501.203(7), Fla. Stat. (2011) (defining “consumer” under FDUTPA to include both individuals and certain types of business activities). The Legislature has specifically articulated that the provisions of FDUTPA are to be construed liberally with this legislative purpose. See id. § 501.202. To encourage citizens to invoke the protections of FDUTPA and file actions under that statute, the Legislature has provided that a prevailing party in a FDUTPA action may recover reasonable costs and attorney’s fees from the nonprevailing party. See Fla. H.R. Comm, on Governmental Operations, HB 1915 (1973), Staff Analysis 3-4 (May 3, 1973) (stating that the purpose of the attorney’s fees provision in FDUTPA was to “attract private attorneys to accept a consumer’s civil case since the attorney would be assured that if his client prevails, he would gain a legal fee proportionate to his efforts,” and that the attorney’s fees provision “applies to civil litigation arising from a consumer transaction in violation of [FDUTPA] ”) (available from Fla. Div. of *368 Archives); see also Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 833 (Fla.1990) (“[T]he primary purpose of these fee-authorizing statutes is to encourage individual citizens to bring civil actions that enforce statutory policy.”).
The Legislature articulated FDUT-PA’s attorney’s fees provision in section 501.2105(1), Florida Statutes (2011), which provides:
In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney’s fees and costs from the nonprevailing party.
(Emphasis added.) In accordance with the plain language of this provision, to recover attorney’s fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals. See id.; see also Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266, 270 (Fla. 1st DCA 1985) (“In summary, we hold that to recover attorney’s fees a party must (1) recover judgment on the chapter 501, part II claim, and (2) recover a net judgment in the entire case.”).
Pursuant to the plain language of section 501.2105(1), the attorney’s fees provision applies to “any civil litigation” that has resulted from .an act or practice “involving a violation of this part,” i.e., to an action filed under FDUTPA. See § 501.203(3), Fla. Stat. (2011) (defining “[vjiolation of this part” as “any violation of [FDUTPA] or the rules adopted under [FDUTPA] ” (emphasis added)). The legislative summary in a staff analysis regarding FDUTPA affords further support for the principal that the attorney’s fees provision applies to claims asserted under FDUTPA, which notes that FDUTPA “[provides for payment of attorney’s fees and costs to the prevailing party in an action under [FDUTPA].” Fla. H.R. Comm, on Governmental Operations, HB 1915 (1973), Staff Analysis 13 (May 4, 1973) (emphasis added) (available from Fla. Div. of Archives). Florida’s Third District Court of Appeal has applied this interpretation, holding that FDUTPA’s attorney’s fees provision applies to a defendant who prevailed in an action filed against him under that act, even though the trial court ultimately held that FDUT-PA did not apply. See Rustic Village, Inc. v. Friedman, 417 So.2d 305, 305-06 (Fla. 3d DCA 1982) (stating that upon a trial court’s finding that a plaintiff filed a claim under FDUTPA, an award of attorney’s fees to a prevailing defendant is permissible in the action, even if the trial court ultimately holds that FDUTPA does not apply). This reasoning was followed by Florida’s Fourth District Court of Appeal in Brown v. Gardens by the Sea South Condominium Ass’n, 424 So.2d 181 (Fla. 4th DCA 1983).
In Brown, the plaintiff filed an action pursuant to FDUTPA and included a claim for attorney’s fees under the act. See id. at 184. The defendant prevailed when the trial court determined that, because the transaction at issue pertained to real estate which does not fall within FDUTPA’s definition of a “consumer transaction,” FDUTPA was not applicable to the plaintiffs claim. See id. The defendant moved for attorney’s fees under FDUTPA, but the trial court denied that motion based on its previous determination that FDUTPA was not applicable to the transaction. See id. The Fourth District reversed and held that, even though the trial court found that FDUTPA was inapplicable, because the plaintiff invoked FDUTPA’s protections *369 and filed an action under FDUTPA, the plaintiff, as the nonprevailing party, was responsible to the defendant for attorney’s fees under that act. See id. (“The plaintiff, having invoked the Act, is liable for an attorney’s fee because he did not prevail.” (quoting Rustic Village, 417 So.2d at 306)).[1]
The Instant Case
Diamond Aircraft is entitled to attorney’s fees under section 501.2105(1) because Horowiteh, similar to the plaintiffs in Brown and Rustic Village, filed an action against Diamond Aircraft under FDUTPA and ultimately was the nonprevailing party. By invoking FDUTPA and seeking redress under its remedial provisions, Ho-rowitch exposed himself to both the benefits and the possible consequences of that act’s provisions. As recognized in Brown and Rustic Village, simply because FDUT-PA is ultimately held to have no application and does not provide a plaintiff with a basis for recovery after the provisions of the act have been invoked does not negate a defendant’s status as a prevailing party in an action filed by a plaintiff under that act. See Brown, 424 So.2d at 184; Rustic Village, 417 So.2d at 305-06.
We agree with Horowiteh that Brown and Rustic Village are factually distinguishable from this case. In Brown, the Fourth District held that FDUTPA did not apply because the real estate transaction at issue did not fall within FDUTPA’s definition of a “consumer transaction”— not because the law of another jurisdiction applied. See Brown, 424 So.2d at 184. Similarly, in Rustic Village, the trial court entered a judgment on the pleadings because the plaintiffs FDUTPA claim was not covered by the provisions of that act; not because the law of another jurisdiction applied. See Rustic Village, 417 So.2d at 305-06. Horowiteh claims that the distinguishable facts in his case — i.e., that the application of the law of another jurisdiction negates his FDUTPA claim — thwarts the application of FDUTPA’s attorney’s fees provision.
We disagree with Horowiteh and also view the decision in Love v. Associated Newspapers, Ltd., 611 F.3d 601 (9th Cir.2010), as persuasive. There, the plaintiff filed an action against the defendant for claims under California’s statutory and common law rights of publicity. See id. at 607-08. California’s publicity statute mandates an award of attorney’s fees for “[t]he prevailing party in any action under this section.” Id. at 614 (quoting Cal. Civ.Code § 3344). A federal district court ultimately held that English law rather than California statutory and common law applied and dismissed the plaintiffs action. See id. at 607. The defendant moved for attorney’s fees pursuant to the California publicity statute. -See id. at 614. The district court awarded the defendant attorney’s fees pursuant to the California publicity statute and the Ninth Circuit affirmed that award. See id. In so holding, the Ninth Circuit concluded' that the plaintiff had filed an action under California’s right of publicity statute and an award of attorney’s fees to the defendant was warranted, notwithstanding that the statute’s other substantive provisions did not apply. See id.
Similarly, in this case, Horowiteh filed an action under FDUTPA. The district court held that the law of another jurisdic *370 tion applied. This did not negate the fact that Horowitch asserted his initial cause of action under FDUTPA. Like the plaintiff in Love, Horowitch cannot assert and invoke the protections of this act by filing a legal action under its provisions, but then rely on the act’s ultimate inapplicability as a shield against the application of the act’s attorney’s fees provision. To hold otherwise would negate individual accountability in filing actions by permitting meritless filings of FDUTPA claims without recourse for a defendant who was forced to defend an action initially filed under a law ultimately held to be inapplicable. As the Fourth District reasoned in Brown, that approach would permit the plaintiff to assert claims under FDUTPA pursuant to the dubious rationale: “heads I win, tails you lose.” Brown, 424 So.2d at 184.
Therefore, we answer this certified question in the affirmative.
Second Certified FDUTPA Question
IF FLA. STAT. § 501.2105 APPLIES UNDER THE CIRCUMSTANCES DESCRIBED IN THE PREVIOUS QUESTION, DOES IT APPLY ONLY TO THE PERIOD OF LITIGATION UP TO THE POINT THAT THE DISTRICT COURT HELD THAT THE PLAINTIFF COULD NOT PURSUE THE FDUTPA CLAIM BECAUSE FLORIDA LAW DID NOT APPLY TO HIS UNFAIR TRADE PRACTICES CLAIM, OR DOES IT APPLY TO THE ENTIRETY OF THE LITIGATION?
We conclude that Diamond Aircraft is entitled to fees but only for the period of litigation until the federal district court held that FDUTPA did not apply to Ho-rowitch’s claim.
Scope of Attorney’s Fees Under FDUTPA
Under FDUTPA, a prevailing party is entitled to reasonable attorney’s fees and costs in civil litigation arising from a violation of that act “after judgment in the trial court and exhaustion of all appeals.” § 501.2105(1), Fla. Stat. (2011). To recover attorney’s fees, subsection 501.2105(2) provides that the attorney for the prevailing party must submit a sworn affidavit regarding the time expended litigating a civil action involving a FDUTPA claim. See § 501.2105(2). Subsection 501.2105(3) permits an award of attorney’s fees for the hours actually expended on a civil action involving a FDUTPA claim. See § 501.2105(3).
Florida’s district courts of appeal have adopted an accurate and reasonable interpretation of those statutory provisions. In Heindel, 476 So.2d at 271, the First District construed the language of subsections 501.2105(l)-(3) as contemplating recovery for the hours an attorney dedicated to litigating a civil action involving a FDUT-PA claim “unless the attorney’s services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.” (Emphasis added); see also Mandel v. Decorator’s Mart, Inc., 965 So.2d 311, 314 (Fla. 4th DCA 2007) (quoting the interpretation of subsections 501.2105(l)-(3) provided in Heindel and utilizing its analysis). The Heindel court elaborated further that even if a FDUTPA claim is based on the same transaction as an alternative theory of recovery, a court may allocate attorney’s fees under section 501.2105 for only the FDUTPA portion of an action if either (1) counsel admits that the other services provided in that action were unrelated to the FDUTPA claim, or (2) a party establishes that the services related to non-FDUTPA claims “were clearly beyond the scope of a 501 proceeding.” Id. at 272; see also Mandel, 965 So.2d at 314.
We agree with this interpretation of subsections 501.2105(l)-(3) because to con *371 strue those subsections otherwise—i.e., to award attorney’s fees for parts of an action clearly unrelated to or beyond the scope of a FDUTPA violation—is tantamount to an interpretation of FDUTPA that renders an absurd and unreasonable result. See Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So.2d 1260, 1270 (Fla.2008) (“We have long held that the Court should not interpret a statute in a manner resulting in unreasonable, harsh, or absurd consequences.”). Simply, such an interpretation would be contrary to the purpose of FDUTPA’s attorney’s fees provision, which is to award attorney’s fees to the party that prevailed in civil litigation that involved a violation of FDUTPA—not for an action clearly beyond FDUTPA’s scope. See § 501.2105(1) (providing for an award of attorney’s fees for the prevailing party in an action “involving a violation of [FDUTPA] ”).
The Instant Case
We conclude that Diamond Aircraft is entitled to an award of attorney’s fees for the time expended on this litigation until the federal district court held that FDUTPA was inapplicable. After the federal district court supplanted FDUTPA with Arizona’s deceptive trade practice act, the action evolved into civil litigation clearly beyond the scope of a FDUTPA proceeding. From that point forward, the parties were no longer establishing or defending an alleged violation of FDUTPA, or even litigating under applicable Florida law. Rather, the parties were then establishing or defending an alleged violation of Arizona’s deceptive trade practice law.
Therefore, we conclude that Diamond Aircraft is entitled to attorney’s fees for the period of litigation up to the point that the federal district court held that FDUT-PA was not applicable to Horowitch’s claim.
OFFER OF JUDGMENT CERTIFIED QUESTIONS
Impact of Southeast Floating Docks, Inc. v. Auto-Owners Insurance Co.
The next two certified questions concern Florida’s offer of judgment statute, as delineated in section 768.79, Florida Statutes (2006). The specific matters we must address are (1) whether section 768.79 is inapplicable because Horowitch’s action concerned both monetary (damages) and nonmonetary (equitable) relief, and (2) whether section 768.79 applies when the offer of judgment Diamond Aircraft served on Horowitch did not satisfy the specific requirements of Florida Rule of Civil Procedure 1.442(c)(2). We recently decided Southeast Floating Docks, Inc. v. Auto-Owners Insurance Co., 82 So.3d 73 (Fla.2012), which is instructive here.
In Southeast Floating Docks, the Eleventh Circuit certified three questions to this Court regarding the applicability of section 768.79. Id. at 76. One of the questions inquired whether a federal court sitting in Florida should apply section 768.79when a contract stipulates that the substantive law of another jurisdiction is applicable. See id. We held that section 768.79is substantive for both constitutional and conflict of law purposes. Id. at 80. We then held that when parties agree to be bound by the substantive law of another forum, absent a sufficient public policy concern, section 768.79 has no application. See id. This led to our conclusion that an award of attorney’s fees under section 768.79was not proper in that case because the parties’ agreement to be bound by the substantive law of another state rendered section 768.79 with no application. Id. at 81.
However, the facts of Southeast Floating Docks are distinguishable from the *372 facts in this case and, thus, that decision does not answer the certified questions now before us. In Southeast Floating Docks, the cause of action arose from a contract with a choice-of-law provision that required the application of Michigan law, causing a conflict of law between Michigan law and Florida law. In contrast, in this case, there was no conflict of law problem, as the choice-of-law provision required the application of Florida law. Instead, the federal district court decided, based on relevant facts and not a contractual provision, that the deceptive trade practices law of another jurisdiction applied. Moreover, in consideration of the motion for summary judgment and the determination of that motion, the federal district court applied Florida law to Horowitch’s specific performance, breach of contract, and bad faith claims. The only claim to which the district court applied Arizona law was Ho-rowitch’s deceptive trade practices claim. The district court applied the substantive law of Florida to three of Horowitch’s four claims.
Florida’s offer of judgment statute applies in this case. We now address the certified questions before us regarding Florida’s offer of judgment statute.
First Certified Offer of Judgment Question
DOES FLA. STAT. § 768.79 APPLY TO CASES THAT SEEK EQUITABLE RELIEF IN THE ALTERNATIVE TO MONEY DAMAGES; AND, EVEN IF IT DOES NOT GENERALLY APPLY TO SUCH CASES, IS THERE ANY EXCEPTION FOR CIRCUMSTANCES IN WHICH THE CLAIM FOR EQUITABLE RELIEF IS SERIOUSLY LACKING IN MERIT?
We answer both parts of this certified question in the negative and conclude that section 768.79 does not apply to cases that seek both equitable relief and damages, and that section 768.79 does not provide an exception to this rule for equitable claims that lack serious merit.
Standard of Review and Rules of Statutory Construction
As with the first two certified questions, this issue involves a matter of statutory construction that we review de novo. See Borden, 921 So.2d at 591. When the language of a statute is free from ambiguity, this Court applies its plain meaning. See State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1073 (Fla.2006). The language of section 768.79, as well as Florida Rule of Civil Procedure 1.442, must be strictly construed because those provisions are in derogation of the common law rule that a party is responsible for its own attorney’s fees, and because they are penal in nature. See Campbell v. Goldman, 959 So.2d 223, 226 (Fla.2007); TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 615 (Fla.1995).
Section 768.79 and Applicable Case Law
As we recently stated in Southeast Floating Docks, the Florida Legislature enacted section 768.79 to deter individuals from rejecting purportedly reasonable settlement offers through the imposition of the sanctions of costs and attorney’s fees. See Southeast Floating Docks, 82 So.3d at 79. The relevant portion of section 768.79 provides:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the *373 judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award.
§ 768.79(1), Fla. Stat. (2011) (emphasis added).
Courts have routinely held that the phrase in section 768.79(1) which states “in any civil action for damages” is applicable to a claim in a civil action in which a party seeks only damages, i.e., monetary relief. See, e.g., Beyel Bros. Crane & Rigging Co. of South Fla., Inc. v. Ace Transp., Inc., 664 So.2d 62, 64-65 (Fla. 4th DCA 1995). For example, Nelson v. Marine Group of Palm Beach, Inc., 677 So.2d 998, 999 (Fla. 4th DCA 1996), involved a declaratory action arising from a breach of contract in which an offer of judgment was made. The only matter at issue was entitlement to money held in escrow. See id. The district court held that the dispute over the money held in escrow clearly framed the action as an action for damages and, with that predicate, the offer of judgment statute applied. See id.
Similarly, in DiPompeo Construction Corp. v. Kimmel & Associates, Inc., 916 So.2d 17, 17-18 (Fla. 4th DCA 2005), a plaintiff filed a declaratory action in which it requested that the trial court declare that a contract did not exist and, therefore, the plaintiff was not liable to the defendant for moneys owed under that contract. The plaintiff served an offer of judgment on the defendant, ultimately prevailed in the litigation, and then sought recovery of attorney’s fees under section 768.79. See id. at 18. The trial court denied the motion for attorney’s fees. See id. On appeal, the Fourth District reversed the trial court’s denial and held that section 768.79 applied. See id. at 18-19. The district court concluded that the plaintiffs claim was in actuality an action for damages because the real issue before the court was whether the plaintiff owed money to the defendant. See id.
In contrast, when a plaintiff seeks only nonmonetary relief — i.e., a purely equitable remedy — courts have held that section 768.79 does not apply. See, e.g., Nat’l Idem. Co. v. Consol. Ins. Servs., 778 So.2d 404, 408 (Fla. 4th DCA 2001). In National Indemnity, a plaintiff filed an action for declaratory relief in which he requested that the trial court declare whether an insurance policy was in full force and effect on the day of an underlying tort action. See id. at 406. In the action, the plaintiff did not request payment of money or damages. See id. at 408. The trial court determined that the action was not a civil action for damages as contemplated by section 768.79. See id. The Fourth District agreed and held: “The ‘real issue’ in this case is insurance coverage for an underlying tort action. No money damages or payment of money is directly requested in this suit, as it was in Nelson, and we conclude that the trial court’s ruling was correct.” Id.
Courts have also held that when a plaintiff seeks both monetary and nonmonetary relief, and a party makes a general offer of settlement, section 768.79 is not applicable. See Winter Park Imports, Inc. v. JM Family Enters., 66 So.3d 336, 340 (Fla. 5th DCA 2011); Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass’n, Inc., 22 So.3d 140, 143-44 (Fla. 4th DCA 2009). The reasoning adopted in those decisions is that strict construction of the phrase “any civil action for damages ” in the offer of judgment statute does not include a claim for equitable relief, or one that involves claims for both monetary and nonmonetary relief. See Winter Park, 66 So.3d at 338-42; Palm Beach Polo, 22 So.3d at 143-45.
*374 In Palm Beach Polo, the plaintiff filed an action for damages as well as an independent claim for declaratory and injunc-tive relief in which the plaintiff requested that the court require the defendant to recognize an implied grant of a way of necessity. See 22 So.3d at 142. After a nonjury trial, the court entered judgment for the defendant, in which it denied all claims for damages and held that a common law way of necessity did not exist. See id. Based on three separate proposals for settlement submitted by the defendant to the plaintiff, each of which presented a general offer of settlement that proposed to resolve all of the plaintiffs claims in the action, the defendant moved for attorney’s fees pursuant to section 768.79. See id. The trial court found that the plaintiffs cause of action was an action for damages — thus falling within the scope of section 768.79 — and awarded the defendant attorney’s fees. See id. The Fourth District reversed. See id. at 145. In strictly construing section 768.79, the district court concluded that in a civil action for both monetary and nonmonetary relief, in which a party has made a general offer to settle “all claims,” the fact that a party sought damages in addition to nonmonetary relief does not bring the claim within the parameters of the offer of judgment statute. See id. at 144.
Similarly, in Winter Park, the plaintiff filed an action against multiple defendants in which it requested injunctive relief and also sought monetary damages. See 66 So.3d at 337-38. Each defendant served separate general offers of judgment on the plaintiff, each of which offered to tender a monetary amount in settlement of all of the plaintiffs claims against that particular defendant. See id. at 338. The plaintiff rejected the offers and the defendants prevailed. See id. The defendants then filed motions for attorneys’ fees pursuant to section 768.79 and the trial court denied those motions. See id. The Fifth District agreed with the prior holding in Palm Beach Polo and held that strict construction of section 768.79 renders that statute “inapplicable where a party’s general offer of settlement is directed to a claim in which both damages and non-monetary relief is sought.” Winter Park, 66 So.3d at 341-42. The district court bolstered its analysis by noting that section 768.79 makes no provision for a court to determine the value of nonmonetary relief and, thereby, further evinces a legislative intent that the statute apply only to monetary claims. See id. at 340.
The district court also noted in Winter Park that Florida courts have not decided whether a party may utilize section 768.79 when he or she has asserted separate claims for monetary and nonmonetary relief in the same pleading and the opposing party has served an offer directed specifically to the monetary claim. See id. at 341. However, in this case, the Court need not decide whether section 768.79 applies under such circumstances because the offer in this case was clearly a general settlement offer, i.e., Diamond Aircraft intended and stated that the offer “resolve all claims that were or could have been asserted by Plaintiff against Diamond Aircraft in the Amended Complaint filed March 15, 2007.” Horowitch, 645 F.3d at 1257 (emphasis added).
This Case
We hold that section 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims. We further conclude that there is no basis to establish an exception for instances in which the equitable claim lacks serious merit. As exemplified in Palm Beach Polo and Winter Park, *375 strict construction of section 768.79 compels this result. More specifically, section 768.79(1) explicitly states that the offer of judgment statute applies to “any civil action for damages.” (Emphasis added.) The statute does not state that it applies to actions in equity, or in an action, such as in this case, where a plaintiff seeks both monetary and nonmonetary relief. If the Legislature intended to authorize the recovery of attorney’s fees under those circumstances, it could have and would have explicitly provided for them in section 768.79.
Furthermore, Winter Park demonstrates that the statutory framework of section 768.79 supports this result. More specifically, the only method of calculation that the Legislature provided in the statute pertained to the “amount of the offer” as compared to the “judgment obtained.” § 768.79(6)(a) (emphasis added). To calculate the amount of the judgment obtained in comparison to an offer, logic dictates the use of a monetary number that a court could use in calculating a mathematical formula which exists in a cause of action for damages. See id. § 768.79(6) (“For purposes of the determination required by paragraph (a), the term ‘judgment obtained’ means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced.”). Comparatively, section 768.79 does not provide a method by which this or any other court is to evaluate the amount of a nonmonetary judgment obtained against the amount provided in an offer of judgment. This further reflects a legislative intent that section 768.79 does not apply to nonmonetary claims.
Diamond Aircraft contends that because Horowitch pled for specific performance and, in the alternative, damages, its offer of judgment was distinguishable from the offer provided in Palm Beach Polo and fell within the parameters of section 768.79. Generally, to plead in the alternative is to “set up in the same action as many claims or causes of action or defenses in the same right as the pleader has_” Fla. R. Civ. P. 1.110(g) (emphasis added). Simply, when a party pleads an action in the alternative, the party is merely electing different claims or remedies that stem from the same cause of action. See id. Thus, an equitable claim in the alternative to a monetary claim is still part of the same civil action.
In addition, we reject a possible exception under section 768.79 for equitable claims that lack serious merit. Notably, subsection 768.79(7)(b) requires a court to consider a claim’s lack of merit in determining the reasonableness of attorney’s fees. See § 768.79(7)(b)(l), Fla. Stat. (stating that when “determining the reasonableness of an award of attorney’s fees pursuant to this section,” a court shall consider, among other relevant factors listed, “[t]he then apparent merit or lack of merit in the claim”). However, this factor of subsection 768.79(7) does not apply to a determination as to whether section 768.79 applies to a cause of action. Instead, this factor applies only after a determination that section 768.79 is applicable and a court has moved forward to determine the reasonableness of the fees. See id. § 768.79(7)(a) (applying when “a party is entitled to costs and fees pursuant to the provisions of [section 768.79]”). Furthermore, if the Legislature had intended that section 768.79 contain an exception where an equitable claim lacks serious merit, it would have explicitly provided for such an exception. Thus, section 768.79 does not contain an exception and upon strict construction of that section, we reject the assertion that an exception exists.
*376 We hold that section 768.79 does not apply to an action for both damages and equitable relief and no exception for a meritless equitable claim exists. Accordingly, we answer both parts of this certified question in the negative.
Second Offer of Judgment Certified Question
UNDER FLA. STAT. § 768.79 AND RULE 1.442, IS A DEFENDANT’S OFFER OF JUDGMENT VALID IF, IN A CASE IN WHICH THE PLAINTIFF DEMANDS ATTORNEY’S FEES, THE OFFER PURPORTS TO SATISFY ALL CLAIMS BUT FAILS TO SPECIFY WHETHER ATTORNEY’S FEES ARE INCLUDED AND FAILS TO SPECIFY WHETHER ATTORNEY’S FEES ARE PART OF THE LEGAL CLAIM?
Due to the strict construction required of Florida Rule of Civil Procedure 1.442, we answer this certified question in the negative.
Rule 1.442 and Section 768.79
Florida Rule of Civil Procedure 1.442 implements section 768.79. See Willis Shaw Express, 849 So.2d at 278. In 1996, we amended rule 1.442 to require greater detail in an offer of settlement under section 768.79. See id. That amendment, which remains in effect, included the following with regard to the wording of an offer of settlement:
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorney fees and whether attorney fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
Fla. R. Civ. P. 1.442(c)(2) (emphasis added); compare Fla. R. Civ. P. 1.442 (1996), and, Fla. R. Civ. P. 1.442 (1997) (stating that rule 1.442 was amended on Oct. 31, 1996, but that this amendment did not became effective until Jan. 1,1997).
Both section 768.79 and rule 1.442 are in derogation of the common law rule that each party is responsible for its own attorney’s fees which requires that we strictly construe both the statute and the rule. See Willis Shaw Express, 849 So.2d at 278. For example, in Campbell v. Goldman, 959 So.2d 223, 225-26 (Fla.2007), we decided whether an offer of settlement under rule 1.442 must explicitly provide a citation to section 768.79. We stated that both section 768.79 and rule 1.442 require that an offer of settlement be in writing and include a citation to the applicable section of the Florida Statutes (section 768.79). See id. at 226. We concluded:
The plain language of the statute provides that an offer must state it is being made pursuant to this section. This is a mandatory requirement for this penal, fee-shifting provision. Because the overall subject is in derogation of the common law, all portions must be strictly constmed. The district court erred in failing to strictly construe the plain language of the rule and statute.
Id. at 227 (emphasis added).
However, in Bennett v. American Learning Systems of Boca Delray, Inc., *377 857 So.2d 986 (Fla. 4th DCA 2003), the Fourth District called into question when a party must satisfy the strict requirements of rule 1.442. There, the defendanVappel-lee had provided the plaintiff/appellant an offer of settlement that did not identify the amount of the proposed settlement for punitive damages, if any, and failed to state whether the offer included attorney’s fees and whether the legal claim included attorney’s fees. See id at 987. The plaintiff in that case had not claimed punitive damages or attorney’s fees, and there was no contractual or statutory provision providing for an award of attorney’s fees. See id at 988. The district court held that these facts validated the offer of settlement notwithstanding the offer’s failure to follow the strict requirements of rule 1.442. See id at 988-89. The court concluded that, “It would make no sense to require a defendant to state in its offer of judgment that the offer does not include attorney’s fees, when plaintiff did not claim an entitlement to them and could not recover them because of failure to plead.” Id at 988. The appellate court further held that because the offer proposed settlement of all counts of the complaint, including costs and interest, that language was sufficient to include a claim for attorney’s fees, had the plaintiff included such a claim in the pleadings. See id The district court stated that the purpose of rule 1.442 was to provide an efficient mechanism to convey an offer of settlement free from ambiguities, enabling the recipient to fully evaluate the terms of the offer and any conditions. See id The district court concluded that because no such ambiguity existed in the offer before the court, the proposed offer was valid and enforceable. See id at 988-89.
The Instant Case
We conclude that, even if section 768.79 applied in this case, Diamond Aircraft would not be entitled to attorney’s fees under that section because Diamond Aircraft’s offer of settlement did not strictly comply with rule 1.442, as it did not state that the proposal included attorney’s fees and attorney’s fees are part of the legal claim. Unlike the complaint in Bennett, the complaint here contained a legal claim for attorney’s fees, which created an ambiguity in Diamond Aircraft’s offer of settlement that was not present in Bennett, thereby necessitating the presence in the offer of settlement of a specific statement regarding attorney’s fees.
The court in Bennett did state that a general offer of settlement like the offer here (i.e., one that stipulates settlement of all claims) is broad enough to include any claim for attorney’s fees. See Bennett, 857 So.2d at 988. However, the Fourth District decided Bennett in 2003, which was approximately four years before this Court’s 2007 decision in Campbell. In Campbell, this Court stated that “all portions” of both section 768.79 and rule 1.442 must be strictly construed, which draws the continuing validity of Bennett into question. See Campbell, 959 So.2d at 227. Furthermore, if the elements of rule 1.442(c)(2) were not mandatory, we would have stated at the beginning of rule 1.442(c)(2) that the proposal “may” contain the requirements listed in that subsection. That subdivision of rule 1.442 explicitly states that a proposal “shall” contain the following requirements, which includes the requirement of a statement directed to the attorney’s fees at issue. See Fla. R. Civ. P. 1.442(c)(2).
We decided Campbell after Bennett, and in Campbell we emphasized the necessity of strict construction of rule 1.442. Campbell dictates our answer with regard to the certified question. Strict construction of rule 1.442 required that Diamond Aircraft’s offer of settlement include a provi *378 sion with regard to attorney’s fees, and whether such fees were a part of Horow-itch’s legal claim. The offer of settlement here failed to include such a statement, and the offer would be invalid and unenforceable even if section 768.79 applied.
In addition, the Eleventh Circuit relied on Unicare Health Facilities, Inc. v. Mort, 558 So.2d 159, 161 (Fla.1989), George v. Northcraft, 476 So.2d 758, 759 (Fla. 5th DCA 1985), and Liberty Mutual Fire Insurance Co. v. Ramos, 565 So.2d 798 (Fla. 4th DCA 1990), for the proposition that an offer of settlement need not include a specific provision regarding attorney’s fees. See Horowitch, 645 F.3d at 1260. However, these decisions were rendered prior to the 1996 amendment to rule 1.442, which changed the rule to specifically require that an offer state whether the proposal includes attorney’s fees and whether attorney’s fees are part of the legal claim. These cases involved an earlier, less stringent rule 1.442, and they are not applicable to this case.
Accordingly, we answer the fourth certified question in the negative.
Conclusion
We answer the first certified question with regard to FDUTPA in the affirmative because Horowitch filed an action specifically under FDUTPA, which invoked the provisions of FDUTPA (including attorney’s fees) until the claim was determined. With regard to the second certified question concerning FDUTPA, Diamond Aircraft’s recovery is limited to the time expended on the litigation until the federal district court determined that FDUTPA did not apply, because at that point, the parties were asserting and defending actions clearly beyond the scope of a FDUT-PA proceeding. We answer both certified questions that concern Florida’s offer of judgment statute in the negative because (1) pursuant to the language of section 768.79, that statutory section does not apply to an action that involves both an equitable claim and a claim for damages, and does not provide an exception for equitable claims that lack serious merit; and (2) in accordance with our prior precedent, an offer of judgment is not valid under rule 1.442 if it does not meet the strict requirements of that rule. Having answered the certified questions, we return this case to the United States Court of Appeals for the Eleventh Circuit.
It is so ordered.
PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
POLSTON, C.J., concurs in result.
CANADY, J., concurs in part and dissents in part with an opinion.

. In the decision of the Eleventh Circuit, the court relies on BDO Seidman, LLP v. British Car Auctions, Inc., 802 So.2d 366 (Fla. 4th DCA 2001), for its conclusion that FDUTPA's attorney’s fees provision likely applies in this case. However, because we recently disapproved of that decision in Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So.3d 73 (Fla.2012), we do not rely on BDO Seidman.