DAMOORGIAN, J.
MYD Marine Distributor, Inc. and MYD Mid-Atlantic, Inc. (collectively referred to as “MYD”) appeal five final judgments awarding costs and attorney’s fees to Appellees, International Paint LLC and International Paint, Ltd. (collectively referred to as “International Paint”), Donovan Marine, Inc. (“Donovan”), and East Coast Marine Distributors, Inc. d/b/a Gold *1286 Coast Marine Distributor (“Gold Coast”). We affirm.
- This- case began when MYD filed a lawsuit against Appellees alleging that they violated state antitrust laws by conspiring to oust MYD as a distributor of a certain brand of yacht' paint and in doing so, “fixed” the market price of the paint. Specifically, the complaint alleged several causes of actions for conspiracy in restraint of trade and breach of contract. With respect to the conspiracy in restraint of trade counts, MYD asked for damages, costs and fees, and “permanent injunction relief enjoining Defendants from continuing to engage in their illegal conspiracy.” Appellees ultimately obtained a summary final judgment the entry of which we affirmed. MYD Marine Distrib., Inc. v. Int’l Paint Ltd., 151 So.3d 1263 (Fla. 4th DCA 2014).
Thereafter, Appellees moved for their respective costs and attorney’s fees. International Paint’s motion for attorney’s fees was based on rejected offers of judgment it served on each of the MYD entities. Each offer of judgment contained the following limiting language:
The Total Amount of this Proposal will be paid by [International Paint] to [MYD] to settle all claims for money damages asserted or that cóuld havé been asserted by [MYD] against [International Paint] in the above-captioned lawsuit. This Proposal does not attempt to resolve [MYD’s] claims for injunctive relief, and if accepted, the claims for money damages will be resolved, but the claim? for injunctive relief will remain pending.
At the hearing on International Paint’s fee motion, MYD argued that Florida’s offer of judgment statute, section 768.79, did not apply because MYD sought both damages and equitable relief in the form of a permanent injunction in its complaint. International Paint countered that its offers were enforceable because they expressly limited themselves to MYD’s money claims and MYD never, sought any relief on its equitable claim. The court concluded that the offer of judgment statute applied and awarded Appellees their costs and attorney’s fees. The court based its decision on the fact that MYD did not pursue injunctive relief with the trial court and only litigated its money damages. We affirm the costs awards without further comment, but write to address International Paint’s attorney’s fee award.
Section 768.79 of the Florida Statutes creates a substantive right to attorney’s fees when, among other scenarios, a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant. § 768.79(1), Fla. Stat. (2011). “The purpose of Section 768.79 is to lead litigants to settle by penalizing those who decline offers that satisfy the statutory requirements. Encouraging settlement lowers litigation costs for the parties and reduces the fiscal impact of litigation on the court system.” Allstate Prop. & Cas. Ins. Co. v. Lewis, 14 So.3d 1230, 1235 (Fla. 1st DCA 2009) (citations and internal quotation marks omitted).
By its own terms, section 768.79 applies only to “civil action[s] for damages.” See § 768.79(1), Fla. Stat. (2011). Accordingly, an offer of judgment which purports to resolve all claims is invalid if the case includes both monetary and non-monetary causes of action. Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 374-75 (Fla.2013). What is less clear, however, is whether an offer purporting to resolve only monetary claims in a suit also containing a nonmonetary cause of action is valid. Id. at 374 (“Florida courts have *1287 not decided whether a party may utilize section 768.79 when.he or she has asserted separate claims for monetary and-nonmon-etary relief in the same pleading and .the opposing party has served an offer directed specifically to the monetary claim”). We need not decide this issue at this juncture as affirmance is warranted based on the trial court’s finding that the true relief sought by MYD below was monetary in nature.
In Diamond Aircraft, the Florida Supreme Court approvingly cited to authority suggesting that section 768.79 may be utilized in a suit seeking monetary and nonmonetary relief if the “true relief’ sought is monetary. Id. at 373. Specifically, it referenced two cases which were in part filed as declaratory judgment actions: Nelson v. Marine Group of Palm Beach, Inc., 677 So.2d 998, 999 (Fla. 4th DCA 1996), and DiPompeo Construction Corp. v. Kimmel & Associates, 916 So.2d 17, 17-18 (Fla. 4th DCA 2005). Id,.Even though these cases were declaratory in form, the courts found that the only disputed issues concerned entitlement to money and, therefore, they were properly characterized as actions seeking only damages. DiPompeo Constr. Corp., 916 So.2d at 18; Nelson, 677 So.2d at 999.
Citing to Diamond Aircraft, the United States Court of Appeals for the Eleventh Circuit recently rejected a party’s argument “that attorney’s fees under [section] 768.79 are not available in any case in which a declaratory judgment accompanies a claim for damages.” Yacht Club on the Intracoastal Condo. Ass’n, Inc. v. Lexington Ins. Co., 599 Fed.Appx. 875, 883 (11th Cir.2015) (applying Florida law). It reasoned that “by citation to Nelson and DiPompeo Construction, [the Diamond Aircraft court] reiterated that a court should look behind the procedural vehicle used in a complaint to discern what true, relief is sought.” Id. Considering the facts behind a suit for breach of contract and declaratory relief, the Eleventh Circuit concluded that “the only dispute in the suit was one for damages” and thus, held that the “district court did not err in awarding attorney’s fees under [section] 768.79” despite the presence of a claim for nonmonetary relief. Id. at 884.
In the instant case, the trial court applied the “true relief’ analysis outlined above, when considering the. enforceability of International Paint’s offers. Specifically, the trial court found that MYD did not actually pursue any nonmonetary relief during the course of the litigation and instead only sought money damages. In this scenario, it correctly concluded that International Paint’s offers of judgment were enforceable. Diamond Aircraft, 107 So.3d at 373-76; Yacht Club, 599 Fed. Appx. at 883.

Affirmed.

MAY, and GERBER, JJ., concur.