[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14455
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-01334-SDM-TBM

HIGHLAND HOLDINGS, INC.,
d.b.a. Highland Homes, Inc.,
ROBERT J. ADAMS,

Plaintiffs -
Counter Defendants -
Appellees,

versus

MID-CONTINENT CASUALTY COMPANY,

Defendant -
Counter Claimant -
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 12, 2018)

Before WILLIAM PRYOR, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Mid-Continent Casualty Company appeals the denial of its motion to collect appellate attorney's fees from its insureds, Highland Holdings, Inc., and its executive officer, Robert Adams, for rejecting an offer of judgment. *See* Fla. Stat. § 768.79. The district court ruled that the offer by Mid-Continent to settle an action seeking both equitable and monetary relief was invalid. We affirm.

During the pendency of an action by a third party against them, Highland Holdings and Adams filed a complaint for a declaratory judgment that they were entitled to indemnification from Mid-Continent. Highland Holdings and Adams later settled the dispute with the third party for $650,000 and amended their complaint against Mid-Continent to add a claim for breach of contract. As part of their claim for a declaratory judgment, Highland Holdings and Adams requested a declaration that "Mid-Continent has a duty to fully indemnify . . . Highland" Holdings and "to indemnify . . . Adams." With respect to their claim for breach of contract, Highland Holdings and Adams requested "that judgment be entered against . . . [Mid-Continent] for the $650,000 paid . . . as damages in the underlying lawsuit . . . ."

Mid-Continent served Highland Holdings and Adams with a joint offer of judgment "to resolve all claims that [they] [had] asserted, or could have asserted, in

their Amended Complaint against [Mid-Continent]." *See* Fla. Stat. § 768.79; Fla. R. Civ. P. 1.442. Mid-Continent offered to pay $200,000 if "both Highland and Adams . . . accept[ed] the Joint Proposal and both . . . provide[d] [Mid-Continent] with a full and complete release of all claims that [they] have asserted, or could have asserted, against [Mid-Continent]." Highland Holdings and Adams rejected the offer.

Later, both parties moved for summary judgment. The district court entered summary judgment in favor of Mid-Continent, and we affirmed.

Mid-Continent then moved for an award of appellate attorney's fees. We transferred the motion to the district court. The district court denied the motion of Mid-Continent on the ground that section 768.79 did not apply to an offer of judgment that resolved claims for both damages and declaratory relief.

Under Florida law, which the parties agree applies, a defendant who prevails "[i]n any civil action for damages" can recover its attorney's fees when it made "an offer of judgment which [was] not accepted by the plaintiff within 30 days." Fla. Stat. § 768.79(1). By its plain language, section 768.79 "is applicable to a claim in a civil action in which a party seeks only damages, i.e., monetary relief." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 373 (Fla. 2013). If the plaintiff requests injunctive relief and monetary damages and the defendant serves a general

3

offer of judgment that seeks release of all claims, the defendant cannot recover its attorney's fees under section 768.79. *Id.* at 374.

The district court did not err by denying the motion of Mid-Continent to recover its attorney's fees under section 768.79. Mid-Continent made a general offer of judgment to settle "all claims" in the amended complaint, and that pleading sought both equitable relief and a monetary judgment. The complaint by Highland Holdings and Adams for a declaratory judgment about "insurance coverage for [its] underlying tort action" did not constitute "a civil action for damages within the meaning of" section 768.79. *See Nat'l Indem. Co. of the S. v. Consol. Ins. Servs.*, 778 So. 2d 404, 408 (Fla. Dist. Ct. App. 2001). Because Highland Holdings and Adams sought "both monetary and nonmonetary relief, and [Mid-Continent] ma[de] a general offer of settlement, section 768.79 is not applicable." *Diamond Aircraft*, 107 So. 3d at 373.

Mid-Continent argues that its offer is like those made by the defendants in *Nelson v. Marine Group of Palm Beach, Inc.*, 677 So. 2d 998 (Fla. Dist. Ct. App. 1996), and *MYD Marine Distributor v. International Paint Ltd.*, 187 So. 3d 1285 (Fla. Dist. Ct. App. 2016), to which the offer of judgment statute applied, but we disagree. Although the plaintiffs in *Nelson* and *MYD* brought actions for a declaratory judgment, the only issue in dispute was their entitlement to money. In *Nelson*, the plaintiff sought to reclaim liquidated damages held in escrow by the

4

defendant. 677 So. 2d at 999. In *MYD*, the plaintiff abandoned its request for an order to enjoin the defendants from fixing the market price of paint and sought only money damages. 187 So. 3d at 1286–87. In contrast, the amended "complaint [that Highland Holdings and Adams filed] contained two independent, significant claims, such that it could be characterized only as an action for both damages and non-monetary, declaratory relief." *See Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass'n, Inc.*, 22 So. 3d 140, 143 (Fla. Dist. Ct. App. 2009). Highland Holdings and Adams requested both a declaration of insurance coverage and a judgment in the amount of the settlement they had paid to the third party.

We **AFFIRM** the denial of the motion of Mid-Continent for appellate attorney's fees.