DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SOUTHERN SPECIALTIES, INC.,**
a Florida corporation,
Appellant,

v.

**FARMHOUSE TOMATOES, INC.,**
a Florida corporation,
Appellee.

Nos. 4D17-2933 and 4D18-507

[November 21, 2018]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502010CA028491XXXXMB.

John R. Whittles and David R. Miller, Jr. of Mathison Whittles, LLP, Palm Beach Gardens, for appellant.

George P. Ord of Murphy Reid, L.L.P., Palm Beach Gardens, for appellee.

WARNER, J.

Appellant, Southern Specialties, Inc., appeals from a final judgment in favor of the appellee, Farmhouse Tomatoes, Inc., and from an order granting attorney's fees and costs to Farmhouse. Southern contends that the court erred by finding that the statute of limitations barred its claim for unjust enrichment. As to the attorney's fees judgment, Southern argues that the offer of judgment, upon which the fees award was based, was defective. We affirm the trial court's conclusion that the statute of limitations barred the unjust enrichment action. We reverse, however, the award of attorney's fees, agreeing that the offer of judgment was invalid because it was a general offer to settle both equitable and damage claims, which is not permitted under section 768.79, Florida Statutes.

Southern grows and distributes specialty fruits and vegetables to retailers and food service operators. Farmhouse grows heirloom tomatoes. Southern began buying tomatoes from Farmhouse, and in 2003, Southern

loaned Farmhouse monies for specific uses in growing tomatoes, as evidenced by various promissory notes. In 2004, the parties entered into a joint venture agreement and commenced operations as a joint venture, but by 2009, their relationship had soured.

Southern sent Farmhouse a demand for repayment of the monies borrowed in 2003. When repayment was not forthcoming, Southern filed a complaint against Farmhouse for unjust enrichment for failing to repay the monies loaned; tortious interference for Farmhouse contacting Southern's customers and excluding it from the sales; and for a permanent injunction to enjoin Farmhouse from using Southern's customer lists and confidential information.

Farmhouse answered, raising as an affirmative defense that the unjust enrichment claim was barred by the four-year statute of limitations for legal or equitable actions not founded on a written instrument. *See* § 95.11(3)(k), Fla. Stat. It also filed a counterclaim, demanding payment for outstanding invoices. Southern replied, claiming that Farmhouse had made partial payments on its debt which tolled the statute of limitations pursuant to section 95.051(1)(f), Florida Statutes.

Farmhouse filed an offer of judgment a few months before trial. It offered to settle all claims for $50,000. Southern did not accept the offer.

The case proceeded to a non-jury trial. At trial, Southern withdrew its injunction claim. After the presentation of all evidence, the court found that the unjust enrichment claim as pled was not based upon a written agreement, and thus, it was time barred. Even if the claim was not time barred, the parties were operating as a joint venture. Further, the court found that Farmhouse had not made payments on the note so as to toll the statute of limitations, noting that Southern had to repay Farmhouse for sums that Southern withheld from the sales proceeds. The court found against Southern on the tortious interference claim and in favor of Farmhouse on its counterclaim, awarding $24,870.54 as damages. Later, Farmhouse moved for attorney's fees based upon its denied offer of judgment. The court found entitlement, and the parties stipulated to a reasonable amount of fees and costs. The court entered final judgment for fees. This appeal was brought from both judgments.

We review de novo whether a claim is barred by the applicable statute of limitations. *Beltran v. Vincent P. Miraglia, M.D., P.A.*, 125 So. 3d 855, 859 (Fla. 4th DCA 2013). We conclude that the court properly found that the unjust enrichment claim was barred by the statute of limitations. Southern pled an unjust enrichment claim based upon monies loaned,

without referencing any written instrument. Thus, a four-year statute of limitations applied. *See* § 95.11(3)(k), Fla. Stat. Although Southern contended that the statute was tolled pursuant to section 95.051(1)(f), Florida Statutes, by partial payments on the monies loaned to Farmhouse, that section applies only to partial payments on obligations "founded on a written instrument." As Southern elected to frame its claim without reference to a written instrument, the tolling provision did not apply. Moreover, the trial court found that Southern withheld from sales proceeds amounts which were owed to Farmhouse; however, because Farmhouse had objected that those amounts were improperly deducted, Southern actually had repaid those amounts to Farmhouse. Accordingly, those amounts did not constitute partial payments on the obligation. We thus affirm the trial court's judgment in favor of Farmhouse.

With respect to the order granting attorney's fees under section 768.79, Florida Statutes, we reverse. Farmhouse's offer of judgment stated that it would resolve "all claims" by either party against the other. Based upon Southern's complaint, those claims included both monetary and equitable claims, including its claim for injunctive relief. Because the offer was directed at all claims made by Southern, it was invalid.

In *Diamond Aircraft Industries, Inc. v. Horowitch*, 107 So. 3d 362, 374 (Fla. 2013), the supreme court held "that section 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims." There, the plaintiff brought a claim for specific performance, breach of contract, and for deceptive and unfair trade practices involving the sale of a jet. *Id.* at 365. Diamond served an offer of judgment to resolve all claims asserted by the plaintiff, which claim was not accepted. *Id.* at 365-66. Ultimately, Diamond obtained a judgment in its favor and moved for attorney's fees based on the offer of judgment. *Id.* at 366. The trial court denied the motion, concluding that section 768.79 did not apply because the plaintiff had asserted both equitable and damage claims. *Id.* Upon an appeal to the Eleventh Circuit, the court certified questions to the Florida Supreme Court, including the applicability of section 768.79 where the party requests both monetary and nonmonetary relief. *Id.* at 366, 372.

In answering the certified question, the supreme court noted that section 768.79 and Florida Rule of Civil Procedure 1.442 must be strictly construed because they "are in derogation of the common law rule that a party is responsible for its own attorney's fees . . . ." *Id.* at 372. "[S]ection 768.79(1) explicitly states that the offer of judgment statute applies to 'any civil action for *damages.*'" *Id.* at 375 (emphasis added in *Diamond*). Thus,

3

the offer of judgment statute does not apply if the plaintiff seeks both damages and equitable relief. *Id.* at 374. There is no exception for instances in which an equitable claim lacks serious merit. *Id.* Thus, because the offer sought to settle all claims, both equitable and monetary, the offer was invalid under the statute. *Id.* at 375-76. Here, the offer was made to settle all claims, both monetary and equitable. Based on *Diamond*, the trial court erred in granting fees based upon the offer of judgment.

We distinguish *MYD Marine Distributor, Inc. v. International Paint Ltd.*, 187 So. 3d 1285 (Fla. 4th DCA 2016). In *MYD*, the complaint alleged various causes of action for money damages, but it also included a request for permanent injunction. *Id.* at 1286. The defendant made an offer of judgment to settle only the claims for money damages. *Id.* It specifically excluded the claim for injunctive relief. *Id.* Under those circumstances, our court held that the "true relief" being requested by the plaintiff was only monetary damages, and we determined that the offer was enforceable. *Id.* at 1287. In this case, however, Farmhouse did not attempt to carve out the injunctive relief claim. Its offer attempted to settle all claims. Therefore, *Diamond* is controlling.

For the foregoing reasons, we affirm the final judgment in favor of Farmhouse on Southern's claims and Farmhouse's counterclaim. We reverse the award of attorney's fees to Farmhouse and direct that the attorney's fees judgment be vacated.

GERBER, C.J., and FORST, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***