[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10777

Non-Argument Calendar

————————————————

ALAN GRAYSON,

Plaintiff-Appellant,

*versus*

NO LABELS, INC.,
PROGRESS TOMORROW, INC.,
UNITED TOGETHER, INC.,
NANCY JACOBSON,
MARK PENN,
JOHN DOES,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-01824-PGB-LHP

_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Alan Grayson appeals the award of attorney's fees to defendants No Labels, Inc.; its founder, Nancy Jacobson; her husband, Mark Penn; and two defunct political action committees, Progress Tomorrow, Inc., and United Together, Inc. following a judgment in their favor. We affirm.

## I. BACKGROUND

Grayson filed a complaint in a Florida court against the defendants, who removed the action based on the parties' diversity of citizenship. *See* 28 U.S.C. § 1332. Grayson filed a second amended complaint alleging defamation, defamation by implication, and civil conspiracy. In his claims of defamation and defamation by implication, he sought preliminary and permanent injunctive relief in addition to damages. He also sought injunctive relief in passing in his claim of civil conspiracy. He reserved the right to seek punitive damages as to each claim.

The defendants answered and requested attorney's fees. The defendants then moved for summary judgment, which the district court granted because Grayson had failed to establish that the

defendants acted with actual malice and that his civil conspiracy claim failed as a matter of law. Grayson appealed, and we affirmed. The defendants sought sanctions under Federal Rule of Civil Procedure 11, which the district court denied.

The defendants moved for attorney's fees on the ground that they served a good-faith settlement offer that Grayson declined. *See* Fla. Stat. § 768.79. The offer stated that the defendants would pay $500 in exchange for a general release from "any and all manner of action and actions . . . which Plaintiff ever had, now has, or which he hereafter can, shall or may have, against [defendants] . . . . from the beginning of the world to the day of these presents, including but not limited to matters that were raised, or that could have been raised, in the above-styled action." The proposal stated it included any claim for punitive damages.

Grayson opposed the motion for attorney's fees. He argued that section 768.79 did not apply because he requested injunctive relief. He also argued that the offers did not comply with Florida Rule of Civil Procedure 1.442 and were not made in good faith. He argued that the district court should revisit our precedent holding that section 768.79 applies in diversity suits, that an award of attorney's fees after rejecting Rule 11 sanctions would constitute double jeopardy, that the recovery of attorney's fees could only be pursuant to a policy of liability insurance or other contract, that the request for attorney's fees was not sought by pleading, and that the defendants had not established that their fees were reasonable.

The district court granted the motion for attorney's fees. It ruled that section 768.79 applied because the true relief Grayson sought was damages as his request for injunctive relief was not cognizable and he requested preliminary and injunctive relief in a conclusory fashion. It also ruled that the offers complied with Rule 1.442, that the denial of sanctions under Rule 11 did not preclude the award, that section 768.79 applied in this diversity action, that the statute does not require a policy of liability insurance or other contract, that the answer provided Grayson notice of a request for fees, and that reasonableness would be determined in a supplemental motion. It ruled that the proposals were made in good faith because the defendants won on summary judgment and maintained that Grayson's claims were baseless.

The defendants filed supplemental motions for $1,173,346 in attorney's fees. They requested fees for 10 attorneys and one paralegal, with hourly rates ranging from $350 to $1,585 per attorney and $150 per hour for the paralegal, and they supplied billing records.

Grayson responded in opposition to the supplemental motions and submitted an exhibit of objections. He argued that the hours were unreasonable because only two lawyers performed most of the work, there were block billing entries, and that fees could not be awarded for unsuccessful motions. He also argued that the defendants failed to offer evidence of customary rates for Orlando attorneys. He argued that the requested fees were

unreasonable under section 768.79(8)(b) and Florida Bar Rule 4-1.5(a). He also argued the award would violate due process.

The magistrate judge issued a report and recommendation that the motions for attorney's fees be granted in part and denied in part. The magistrate judge determined that the defendants provided insufficient evidence regarding the reasonableness of their hourly rates, but because Grayson had not provided evidentiary support challenging the rates, the magistrate judge referred to rates from previous decisions in the district court. The magistrate judge rejected Grayson's argument that the defendants could not recover for failed motions. The magistrate judge ruled that although there were multiple activities listed in some billing entries, the descriptions were detailed and each task was compensable, but struck two entries because they included both compensable and non-compensable clerical tasks. The magistrate judge rejected Grayson's argument that multiple lawyers were unnecessary but cut the hours of one law firm as duplicative. The magistrate judge considered the reasonableness of the fee under section 768.79(8)(b) and ruled that the lack of merit of the claims, that the defendants' offers had been made in good faith, that it was unclear what information the defendants had withheld, and the amount of additional delay and expense all weighed in favor of the reasonableness of the fees, though it was not a test case. The magistrate judge applied the Florida Rules of Professional Conduct and ruled that the requested fees were not overreaching or unconscionable. The magistrate judge found that the defendants had not requested nontaxable expenses and did not recommend any award of nontaxable expenses. The

magistrate judge rejected Grayson's argument that the fees violated due process and ruled that he was not entitled to a hearing. The magistrate judge recommended an award of attorney's fees of $740,710.

Grayson objected to the report and recommendation. He argued that the magistrate judge should not have taken judicial notice of a reasonable rate and should have deducted hours for unsuccessful work, block billing, and multiple lawyers. He also argued that the magistrate judge misapplied section 768.79. The district court overruled Grayson's objections, adopted the report and recommendation, and granted the motions for fees in part and denied in part.

## II. STANDARDS OF REVIEW

We review questions of law *de novo*. *Jones v. United Space All., LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007). We review for clear error the finding that an offeror acted in good faith. *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002). We review the amount of an award of attorney's fees for abuse of discretion. *Id.* at 1084.

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that the district court did not err in awarding the defendants

attorney's fees. Second, we explain that the district court did not abuse its discretion in determining the amount of attorney's fees.

### A. The Defendants Were Entitled to Attorney's Fees.

Grayson argues that the district court erred in ruling that section 768.79 applied. We disagree. Section 768.79 creates a right to attorney's fees in a "civil action for damages" based on diversity jurisdiction when a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability. Fla. Stat. § 768.79. Section 768.79 is inapplicable to offers that purport to resolve all claims when a suit involves both monetary and equitable relief, even when those claims "lack serious merit." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013). But the statute applies to claims involving both equitable and monetary relief when the "true relief" a plaintiff seeks is monetary. *MYD Marine Distrib. v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1287 (Fla. Dist. Ct. App. 2016).

The district court did not err in ruling that section 768.79 applied because the "true relief" Grayson sought was not equitable relief but damages. *Id.* Grayson did not pursue his requests for injunctive relief. He requested preliminary and injunctive relief in his second amended complaint in passing but did not file a motion for injunctive relief. *See id.* (holding that the failure to pursue injunctive relief in the trial court meant the true relief the plaintiff sought was damages); *see also Faith Freight Forwarding Corp. v. Anias*, 206 So. 3d 753, 755 (Fla. Dist. Ct. App. 2016) (holding that a "passing reference to 'equitable relief' in the operative complaint" did not change that

the real issue before the court was money damages). The decisions Grayson cites for the proposition that the statute should not apply are distinguishable because the plaintiffs there actively pursued injunctive relief. *See, e.g.*, *Southern Specialties, Inc. v. Farmhouse Tomatoes, Inc.*, 259 So. 3d 869, 870 (Fla. Dist. Ct. App. 2018) (claim for equitable relief withdrawn at trial); *Starboard Cruise Servs., Inc. v. DePrince*, 259 So. 3d 295, 302 (Fla. Dist. Ct. App. 2018) (litigated a claim of specific performance at summary judgment); *Palm Beach Polo Holdings, Inc. v. Equestrian Club Ests. Prop. Owners Ass'n, Inc.*, 22 So. 3d 140, 142 (Fla. Dist. Ct. App. 2009) (moved for a temporary injunction).

Grayson also argues that the district court erred in ruling that the offers complied with Rule 1.442 because the offers did not state they resolved all claims and included punitive damages, and the offers were overbroad. Rule 1.442 requires that an offer "state that the proposal resolves all damages" and "state with particularity the amount proposed to settle a claim for punitive damages, if any." Fla. R. Civ. P. 1.442(c)(2)(B), (E). The offers contained language resolving all claims and included punitive damages. And offers of general releases have been upheld in Florida courts. *See Bd. of Trs. of Fla. Atl. Univ. v. Bowman*, 853 So. 2d 507, 508 (Fla. Dist. Ct. App. 2003) (upholding an offer of judgment which released all claims the party "ever had, now has, or . . . hereafter can, shall or may have, against [defendant], for, upon or by reason of any matter, cause or thing whatsoever, known and unknown, foreseen and unforeseen, from the beginning of the world to the day of these presents . . .").

Grayson also argues the offers were not made in good faith. Nominal offers can be valid "if the offerors have a reasonable basis at the time of the offer to conclude that their exposure was nominal." *McMahan*, 311 F.3d at 1083 (citation and internal quotation marks omitted). In *McMahan*, we upheld a nominal offer of $100 and reasoned that "to accept in the same case in which a party did prevail the notion that there was no reasonable basis for that party prevailing would require self-contradiction on a scale that we are unwilling to consider." *Id.* at 1083–84. Here too the defendants had a reasonable basis to believe they would prevail because they did prevail. The district court did not clearly err in finding that the offer was made in good faith.

Grayson's other challenges to the application of section 768.79 also fail. Contrary to his argument, section 768.79 is substantive and applies to federal courts sitting in diversity jurisdiction. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011). His contention that the statute requires a policy of insurance or a contract is also wrong because the statute allows a defendant to recover fees incurred "by her or him *or on the defendant's behalf* pursuant to a policy of liability insurance or other contract." Fla. Stat. § 768.79(1) (emphasis added). And the defendants provided notice by requesting attorney's fees in their answer. *See Caufield v. Cantele*, 837 So. 2d 371, 378 (Fla. 2002). Grayson also provides no authority to support his contention that the denial of sanctions under Rule 11 means he cannot be required to pay fees under section 768.79.

*B.  The District Court Did Not Abuse its Discretion in Imposing Attorney's Fees.*

Grayson also challenges the amount of fees awarded. Federal courts sitting in diversity jurisdiction apply state law in calculating attorney's fees. *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). Florida uses the lodestar approach, which multiplies the number of hours reasonably expended by a reasonable rate. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1146, 1151 (Fla. 1985).

The district court did not abuse its discretion. Grayson argues that the district court applied an unreasonable rate because the defendants' attorneys practiced outside of Orlando and the relevant market rate was Orlando. Although Grayson is correct that the relevant market rate was Orlando because that was "the place where the case [was] filed," *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citation and internal quotation marks omitted), the district court cited decisions from Orlando to support its market rate because neither party supplied competent evidence. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." (citation and internal quotation marks omitted)). He also argues that the rate was unsupported by a fee agreement, but points to no law requiring evidence of a fee agreement.

Grayson argues that the number of hours expended were unreasonable because they involved multiple lawyers, unsuccessful work, and block billing. Grayson does not point to instances of duplicative work and instead argues there is a "one-lawyer rule" in Florida. But "there is nothing inherently unreasonable about a client having multiple attorneys" and "a reduction for redundant hours is warranted only if the attorneys are unreasonably doing the same work." *Barnes*, 168 F.3d at 432 (citation and internal quotation marks omitted); *see also N. Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. Dist. Ct. App. 2003) (holding that time spent by multiple attorneys performing the same activities was duplicative and not compensable). His argument that the unsuccessful motions could not be compensated is also incorrect; though failed claims generally should not be compensated, *see Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983), failed motions can be, *see Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990).

Grayson argues that the defendants engaged in block billing without pointing to specific instances. Including more than one task in an entry does not constitute impermissible block billing where the entries are sufficiently detailed for the court to determine the services performed and the reasonableness of the time spent. *Spanakos v. Hawk Sys., Inc.*, 362 So. 3d 226, 242 (Fla. Dist. Ct. App. 2023). We cannot say the district court abused its discretion in cutting only two entries for block billing and finding that the records were sufficiently detailed to prove that the time was billed for compensable tasks. *See McMahan*, 311 F.3d at 1084.

Grayson argues that the district court failed to comply with section 768.79(8)(b) and Florida Bar Rule 4-1.5 when calculating the fees. Section 768.79(8)(b) provides that a court must consider the merit or lack of merit in the claim, the nature of the offers, the closeness of questions of fact and law, whether the offeror had unreasonably refused to furnish necessary information, whether the suit was a test case, and the amount of additional cost and expense the offeror would be expected to incur if the litigation were prolonged. Fla. Stat. § 768.79(8)(b). Courts may also consider factors under the Florida Bar Rules, such as the requirement that a lawyer must not charge a clearly excessive fee. Fla. Bar R. 4-1.5(a).

The district court did not abuse its discretion in ruling that the fee was not excessive and that the section 768.79(8)(b) factors supported the award. Both the district court and this Court determined Grayson's claims lacked merit and did not involve close questions of law or fact. The nominal offers were made in good faith, Grayson failed to point to necessary evidence the defendants withheld, and the refusal of the offer led to costly and extensive litigation. *See* Fla. Stat. § 768.79(8)(b); Fla. Bar Rule 4-1.5(a).

Grayson's remaining objections were not raised in response to the report and recommendation, so we may review only for plain error, if necessary, in the interests of justice. 11th Cir. R. 3-1. Even reviewing for plain error, these challenges fail. Grayson argues that he was entitled to a hearing, but neither the statute nor the decisions he cites require a hearing. *See* Fla. Stat. § 768.79. He argues that the award constituted an unconstitutional fine but relies

on distinguishable caselaw involving punitive damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416–17 (2003). And his argument that the defendants were not entitled to nontaxable costs is irrelevant because the district court did not award nontaxable costs.

## IV. CONCLUSION

We **AFFIRM** the award of attorney's fees and **DENY AS MOOT** Grayson's motion to certify.